REINKE, Respondent, v. THOMSON, Appellant

(1 N. W.2d 69.)

(File No. 8421. Opinion filed November 29, 1941.)

**Churchill & Benson,** of Huron, for Appellant.

**Van Slyke & Agor** and **Douglas Bantz,** all of Aberdeen, for Respondent.

PER CURIAM. In our opinion in the above-entitled

cause, 68 S.D. 187, 299 N.W. 868, beginning on page 871, we used the following language:

"Appellant contends that the movement of the motor car from Groton to Turton was the beginning—'the first leg'—of a movement of the motor car from Groton to Winona, Minnesota, and therefore was an interstate shipment and was within the exclusive jurisdiction of the Federal Courts. Appellant cites and relies upon New York Central R. R. Co. v. Winfield, 244 U. S. 147, 37 S. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139, to establish his contention, but that case is not decisive of this case nor is it in point. It is not claimed by the appellant that the motor car was billed or shipped under any billing or order from Groton. The only instructions Reinke had were to take the car to Turton and leave it there. How long it was to remain there or who was to make further disposition of it does not appear from the record, but until some move had been made to start it on a journey that would take it out of the state, it was not an interstate shipment nor in the jurisdiction of the Federal Courts.

"No order or direction was ever issued by any person or officer of appellant to ship the motor car to Winona, and the only claimed authority for such shipment is appellant's Exhibit 7; but this contains no such authority. Exhibit 7 consists of two pages of mimeographed material in the nature of general instructions. It was received in evidence without proper foundation being laid and might properly be ignored, but to accept it at its face value, it does not amount to an order to ship the motor car from Turton to Winona, Minnesota. The most that can be said for it is that it contains a direction that motor cars on the Dakota Division that are in need of repair shall be shipped to Winona where they are to be repaired. This does not make an interstate shipment of the car. Buckingham Transportation Co. of Colorado, Inc., v. Black Hills Transportation Co. et al., 66 S. D. 230, 281 N. W. 94. Another reason why the movement of the motor car from Groton to Turton was not any part of an interstate shipment is that when it was determined that it was not to be used any more until it had been repaired

and returned, it was entirely withdrawn from use as an instrumentality of the railroad and so far as intrastate or interstate shipments are concerned, was not different from any other piece of freight that was to be moved intrastate from Groton to Turton."

After considering the contents of the petition of appellant for rehearing, we have concluded to strike the foregoing paragraphs from the opinion and to substitute therefor the following:

██ Appellant contends that the movement of the motor car from Groton to Turton was the first leg of a movement of the motorcar in interstate commerce from Groton in South Dakota to Winona, Minnesota. Appellant cites the case of Chicago, Rock Island & Pacific Railway Co. v. Wright, 239 U. S. 548, 36 S. Ct. 185, 60 L. Ed. 431. We are of the opinion that the facts in that case are clearly distinguishable from those at bar. In that case the engine the employee was operating was moving under a specific order as part of a continuous movement from one state to another for the purpose of being repaired. In the instant case the employee was taking the car to Turton where a substitute car awaited him, so that his employer, in accordance with its practices, could ship it to Winona. The evidence indicates that had the car been delivered to the employer at .Turton, according to its practices, it probably would have been placed in a box car of a weekly train and transported to Winona. However, there is no showing in the record that any order had been issued for that transportation. The mere fact that an ultimate movement between states is in contemplation does not make every subsequent movement of property within a state a part of the ultimate interstate commerce. 11 Am. Jur. 62. The evidence supports the inference that the car had been withdrawn from service at the time of the accident, and that the deceased was in the act of turning it over to his superiors so that it could be transported for repairs. We are therefore of the view that the finding that an interstate shipment was not established finds substantial support in the evidence.

The petition for rehearing is denied.