Conway, Ch. J.
The defendant was sentenced as a third felony offender to 15-20 years in State prison and is now confined at Attica State Prison. One of the two convictions which was relied upon as the basis for his third offender sentence was for attempted grand larceny. Upon that conviction he received a sentence which we construe to be a suspended one. The question presented is whether one who has been twice convicted of a felony, but has received a suspended sentence upon one of the convictions, may be classed as a third offender under section 1941 of the Penal Law, which reads as follows:

“ Punishment for second or third offense of felony.

“ 1. Except as provided in subdivision two of this section, a person, who, after having been once or twice convicted within this state, of a felony, of an attempt to commit a felony, or, under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony, within this state, is punishable upon conviction of such second or third offense, as follows:
“ If the second or third felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for an indeterminate term, the minimum of which shall be not less than one-half of the longest term prescribed upon a first conviction, and the maximum of which shall not be longer than twice such longest term.
“ 2. A person, who, after having been twice convicted within this state, of a felony or of an attempt to commit a felony under section seventeen hundred fifty-one of this chapter or under any other law relating to narcotic drugs, or, under the laws of any other state, government or country, of a crime under any law *32 relating to narcotic drugs which, if committed within this state, would be a felony, commits a felony under section seventeen hundred fifty-one of this chapter or under any other law relating to narcotic drugs, within this state, shall be sentenced upon conviction of such third offense to imprisonment in a state prison for an indeterminate term the minimum of which shall not be less than fifteen years, and the maximum thereof shall be his natural life.
“ 3. For purposes of this section, conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction.”
Prior to 1893 provision had been made in section 688 of the Penal Code (predecessor to Penal Law, § 1941) for punishment for a second offense of felony. That section provided for additional punishment by reason of the fact that the prisoner had had a previous conviction.
Where there is a conviction but sentence has been suspended, there is no judgment for the sentence is the judgment (Manke v. People, 74 N. Y. 415, 424; People v. Bork, 78 N. Y. 346; People v. Bradner, 107 N. Y. 1, 11; People v. Harcq, 292 N. Y. 321). Therefore, if a prisoner were convicted of a felony, but sentence was suspended, he was not a second offender within the meaning of section 688 of the Penal Code (since 1909, Penal Law, § 1941). One so situated could not be indicted as a second offender and the additional punishment for a second felony offense could not be meted out to him. To obviate this there was enacted section 470b of the Code of Criminal Procedure in 1893 (L. 1893, ch. 651) which provided in subdivision 1 that: “ 1. For the purpose of indictment and conviction of a second offence, the plea or verdict and suspension of judgment shall be regarded as a conviction, and shall be pleaded according to the fact.”
That expressly referred to an indictment and conviction of a second offense only.
In 1936, section 1941 of the Penal Law, the successor to section 688 of the Penal Code, was amended so as to expressly provide punishment for a third offense of felony, but no change was made in section 470-b of the Code of Criminal Procedure, as would have been done had it been intended to make 470-b of the Code applicable to a third offender. In view of the care *33 which the Legislature exhibited in making amendments in that year, it was clearly not an oversight.
In 1907, section 688-a of the Penal Code (now Penal Law, § 1942) was enacted so as to provide punishment for fourth conviction of a felony. Section 1942 of the Penal Law reads as follows:
[1] ‘ Punishment for fourth conviction of felony.
“ A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony, other than murder, first or second degree, or treason, within this state, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a state prison for an indeterminate term the minimum of which shall be not less than the maximum term provided for first offenders for the crime for which the individual has been convicted, but, in any event, the minimum term upon conviction for a felony as the fourth or subsequent, offense, shall be not less than fifteen years, and the maximum thereof shall be his natural life. A person so sentenced may be released on parole in the same manner and upon the same conditions as prisoners serving an indeterminate sentence in state prisons are released. A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section. For purposes of this section, conviction of two or more crimes charged in separate counts of one indictment or information, or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction.”
In People ex rel. Marcley v. Lawes (254 N. Y. 249), we held that one who had received upon two prior pleas of guilty two suspended sentences, had not been “ convicted” of those two felonies and that the provisions of section 1942 were not applicable to him. We said (pp. 253-254): “ We have not overlooked the fact that under section 470-b of the Code of Criminal Procedure a prisoner against whom a sentence, upon a prior plea or verdict of guilt, has been suspended, if again guilty, must be regarded as a second offender; nor that under section 517 of *34 the same Code an appeal lies from a conviction where sentence has been suspended. The provisions of these sections, however, are expressly limited by their terms; the former by the words ‘ for the purpose of indictment and conviction of a second offense;’ the latter by the words ‘for every purpose of an appeal herein.’ Thus limited they can have no application when an interpretation of section 1942 is sought.” (Emphasis supplied.) The same reasoning applies here, and if that reasoning in the Marcley case (supra) is not to be rejected by us it is quite clear that the appellant here may not be sentenced as a third offender where there are not two prior judgments of guilt as to him. There cannot be two judgments since there has been as to one conviction a suspended sentence and therefore no judgment (People v. Harcq, supra, and cases cited).
The dictum of Judge Crane in People v. Gowasky (244 N. Y. 451) was general language used when the particular problem presented in the Marcley case was not under consideration. When it was precisely presented in People ex rel. Marcley v. Lawes (supra), Judge Crane adhered to his general language in People v. Gowasky (supra) and found his general language as to section 1941 not followed and he became one of the dissenting Judges.
It is true that the sentencing Judge could have given Shaw the same 15- to 20-year sentence whether he was to be considered a second or third felony offender but, viewed realistically, judges do not customarily impose the same sentence whether a man be a second or third felony offender. The matter should be remitted to the sentencing court so that sentence may be imposed upon the prisoner as a second felony offender. To do otherwise would depart from the reasoning in the Marcley case (supra) and, indeed, if carried to its logical conclusion, would make this prisoner a fourth offender subject to life imprisonment if, at any time during the remainder of his life, he were to commit another felony. Such reasoning, if we were to affirm here, would compel, in such event, the overruling of the Marcley case. Indeed an affirmance here and the writing, by what would seem to be judicial legislation, into section 470-b of the Code of Criminal Procedure of the words “ or third offense ” where the Legislature has declined to place it, might well be considered to be a departure from the modern trend in the science of penology,
*35 In 1940 and 1942 (see bills introduced in the Legislature on March 22,1940 [Senate No. 2569, Int. No. 2025] and in January, 1942 [Senate No.- 392, Int. No. 366]), attempts were made to supersede and enlarge section 470-b so as to make it applicable to third and fourth offenders. Bach bill contained the same wording and explanation of purpose. Bach read as follows: [1] ‘ § 440. Effect of suspension on judgment. If pronouncement or execution of sentence has been suspended, the judgment of conviction shall nevertheless constitute a conviction for all purposes. [This section supersedes and enlarges present section 470-b by providing that the judgment of conviction shall be a conviction for all purposes.] ”
We have quoted these bills which failed of passage in 1940 and 1942 and they were the latest designed to change section 470-b. They may not be said to have as their purpose to cover the ‘ ‘ fourth offender treated in § 1942 ’ ’ and ‘[1] not the third offender dealt with by § 1941 ’ ’, since by their terms they were to supersede and enlarge section 470-b, so as to affect second, third and fourth offenders.
The Legislature refused in 1940 and 1942 to pass the bills. We lack the power to do by decision what the Legislature has declined to do by legislative action.
There is, of course, no claim made here by either appellant or respondent that a third offender with a suspended sentence as to a prior offense [1] ‘ would of necessity be treated less severely than a second ” offender. That, of course, never occurred and could not occur since in such a case the prisoner would be a second offender under section 470-b of the Code of Criminal Procedure and the sentencing judge would be obliged to sentence him as such. What the defendant is seeking here is to be sentenced as a second offender. If his sentence as a third offender would ‘ ‘ of necessity ’ ’ require him to be sentenced to a term less than that of second offender, his application would not be the present one.
The order of the Appellate Division should be reversed and the case remitted to the County Court for resentencing of appellant as a second offender.

. More specifically, following a plea of guilty to attempted grand larceny in 1925, the Onondaga County Court had ordered the “ sentence * * * deferred” and defendant placed on probation. Contrary to defendant’s contention, there was here no deferment or postponement for an indefinite or indefinable period (cf. Matter of Hogan v. Bohan, 305 N. Y. 110, 112-113; Matter of Richetti v. New York State Bd. of Parole, 300 N. Y. 357); in its context, “deferred” meant “suspended.”