THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN BEGUE, Alias JAMES T. CARTER, Appellant.

Third Department, March 21, 1956.

*John Begue,* appellant in person.

*Liston F. Coon, District Attorney,* for respondent.

*Per Curiam.* The defendant, by an application in the nature of a writ of error *coram nobis,* sought an order vacating a judgment of conviction entered upon his plea of guilty to an indictment charging him with the crime of grand larceny in the second degree, on March 31, 1949.

It appears that the defendant had been previously convicted of the crime of grand larceny in Monroe County and had been sentenced to State prison therefor. Apparently, he had escaped from the prison at some time prior to May 20, 1943. On that day, he allegedly committed the crime of grand larceny in Schuyler County and he was indicted therefor in September, 1943. At the time of the return of the indictment, the defendant was back in State prison both under the original judgment of conviction and under a subsequent judgment convicting him of the crime of escape, which had been entered on June 19, 1943.

Shortly after his release from State prison, the defendant

was arraigned upon the 1943 grand larceny indictment in the County Court of Schuyler County. The official record shows that the defendant was arraigned on March 17, 1949, and that '' The Court advised the defendant of his right to counsel and time to procure same before pleading, etc.'' The defendant admits that he was so advised and that he made no response at that time. The record shows that the defendant pleaded not guilty upon arraignment but two weeks later, on March 31, 1949, he appeared in person and withdrew his former plea of not guilty and pleaded guilty to the crime as charged. The defendant maintains that he was not advised again of his right to counsel at that time and it is conceded by the District Attorney that the advice was not repeated.

After the defendant pleaded guilty to the indictment on March 31, 1949, the District Attorney filed an information charging the commission of two prior felonies and the defendant pleaded guilty, according to the official record, '' of being a third offender ''. The County Court sentenced the defendant to Attica State Prison for a term of not less than five nor more than ten years but suspended execution of the sentence. The defendant has never served any time under that sentence.

Subsequently, the defendant was convicted of a felony, the nature of which does not appear in the record, in Onondaga County and he was sentenced, on February 6, 1951, to a term of five to ten years in State prison and he is now in prison under that sentence.

The defendant attacked the Schuyler County conviction of 1949 upon three grounds: (1) That he had not been advised of his right to counsel at the time that he withdrew his plea of not guilty and pleaded guilty to the indictment; (2) That he was entitled to a dismissal of the indictment because of the delay in bringing it to trial; (3) That he was improperly sentenced as a third offender, the conviction for the crime of escape having been erroneously counted as a second felony conviction.

The County Court assigned counsel to the defendant in the *coram nobis* proceeding and, after a hearing, the court handed down an opinion rejecting all the grounds of attack and denying the motion to vacate the judgment of conviction.

We find no merit in the defendant's first contention. There was no obligation on the part of the court to repeat the advice concerning the defendant's right to counsel after the advice had been once given and the right to counsel had been waived. The defendant contends that he was illiterate in 1949 and that he had only a third grade education up to that time. He claims that his education was completed while he was in

State prison and that he earned a high school diploma while in prison in 1953. However, the pedigree statement taken in 1949 at the time of sentence shows that the defendant then stated that he had a high school education. The defendant's date of birth was given as October 30, 1924, so that it would appear that he was then twenty-four years of age. In any event, there was no showing that the defendant did not understand the court's advice as to his right to counsel. The court below was justified in finding, at the conclusion of the *coram nobis* hearing, that the defendant had understood the advice and had knowingly waived counsel.

█ The second contention advanced by the defendant presents greater difficulty. There have been two recent decisions, one by the Court of Appeals of this State and the other by the United States Supreme Court, dealing with the effect of delay in bringing an indictment to trial. In each case, the indictment was dismissed because of the delay (*People* v. *Prosser,* 309 N. Y. 353; *United States* v. *Provoo,* 17 F. R. D. 183, affd. on motion 350 U. S. 857; cf. note, 64 Yale L. J. 1208).

It should be noted that, in each of the cases cited, when the defendant was finally brought to trial, he vigorously objected and moved to dismiss the indictment on the ground of delay. In the *Prosser* case, the motion was denied by the trial court but upon appeal from the judgment of conviction, the Court of Appeals held, under the exceptional circumstances of that case, that there had been no showing of " good cause " for the delay and that the indictment should therefore have been dismissed. In the *Provoo* case, the motion to dismiss was granted by the District Court and upon appeal by the Government, the judgment of dismissal was affirmed.

In this case, the defendant raised no objection on the ground of delay when he was arraigned or when he appeared subsequently and withdrew his plea of not guilty and pleaded guilty to the indictment. Neither did he raise any objection when he was asked whether he had any cause to show why sentence should not be pronounced upon him. No motion for dismissal of the indictment was made at any time. The defendant chose voluntarily in 1949 to plead guilty to the 1943 indictment and, in view of the fact that the sentence was suspended, it may fairly be assumed that the defendant was satisfied with the disposition of the case.

His objection in a *coram nobis* proceeding instituted in 1955 comes much too late. " The contention that the prisoner did not have a speedy trial is a matter which must be raised at the trial, and may not be raised years after the trial by writ of

habeas corpus " (*People ex rel. Lee* v. *Jackson,* 285 App. Div. 33, affd. 309 N. Y. 676). The fatal defect in the defendant's application to vacate the judgment is that he did not raise any objection to the delay of the prosecution at the time that he was arraigned and pleaded guilty in March, 1949. The objection that the defendant has not had a speedy trial must itself be speedily raised when the case is moved for trial. Otherwise, the defendant could play fast and loose with the prosecution: he could go to trial when the case is moved and, if the verdict is in his favor, let it stand, but if it is against him, argue that it was too late to try the case and that the indictment should have been dismissed (cf. *People* v. *O'Keefe,* 281 App. Div. 409, affd. 306 N. Y. 619, certiorari denied 347 U. S. 989). Under the *Prosser* case (309 N. Y. 353, *supra*), the duty rests upon the District Attorney to proceed diligently, without awaiting any demand from the defendant but, in the end, the defendant must affirmatively raise the claim that the prosecution had been delayed without " good cause ", if he seeks any relief on that ground. A dismissal may be had, for " want of prosecution ", under chapter VII of title XII of part IV of the Code of Criminal Procedure, only " on application of the defendant " (Code Crim. Pro., § 668). The objection not having been raised prior to the rendering of the judgment of conviction, it cannot be raised years thereafter as a ground for vacating the judgment.

█ The defendant's third contention that he had been improperly sentenced as a third offender seems to be sound. One of the two convictions charged as prior felony convictions was a conviction for the crime of escape. Such a conviction cannot be considered as a prior felony conviction for the purpose of applying section 1941 of the Penal Law (Penal Law, § 1699; *People ex rel. Carollo* v. *Brophy,* 294 N. Y. 540). Further, the conviction for escape took place after the commission of the larceny for which the defendant was sentenced as a third offender. It therefore could not be counted under section 1941 as a prior felony (*People ex rel. Gaczewski* v. *Jennings,* 223 App. Div. 78; *People ex rel. Gendelman* v. *Snyder,* 259 App. Div. 939). Despite the fact that the same punishment could be imposed for a second offense as for a third offense, the defendant was entitled to be sentenced as a second offender rather than as a third offender (*People ex rel. Stevens* v. *Jackson,* 283 App. Div. 3). However, since the sentence was suspended, nothing would be gained by directing a resentence of the defendant in this case which could not be accomplished by a correction of the record to show that the defendant was a second offender rather than a third offender at the time of sentence.

The order appealed from should be modified by directing that the records of the Schuyler County Court should be corrected to show that, at the time of sentence, the defendant was a second offender and, as so modified, the order should be affirmed.

BERGAN, J. P., COON, HALPERN, ZELLER and GIBSON, JJ., concur.

Order appealed from modified, on the law and facts, by directing that the records of the Schuyler County Court be corrected to show that at the time of sentence defendant was a second offender and, as so modified, the order is affirmed.