■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VICTOR H. GIFFORD, Appellant.— Appeal from an order of the Washington County Court, entered August 25, 1955, denying defendant's application. Although the

application is denominated one in the nature of a writ of *coram nobis*, we treat it as an application to vacate the sentence and for resentence. (*People* v. *Shaw*, 1 N Y 2d 30.) Defendant contends that he was improperly sentenced as a second offender in 1933, and that he was improperly sentenced as a third offender in 1949. Defendant was convicted in 1933 in the Washington County Court of burglary in the third degree. An information charging him with being a second offender alleged as a prior offense a conviction of grand larceny in Vermont. Section 8304 of the Vermont Statutes, under which defendant was convicted, defines a stealing as grand larceny "if the money or other property stolen exceeds $50.00 in value". In New York State a larceny is not a felony unless the property stolen exceeds the value of $100. (Penal Law, § 1296.) The Vermont conviction may not be considered as a felony within the State of New York under the rule of *People* v. *Olah* (300 N. Y. 96), and defendant was improperly sentenced as a second offender. However, since defendant has served the full sentence imposed in 1933, no practical purpose would be served by directing a resentence of the defendant upon that conviction. Defendant was again convicted in Washington County Court in 1949 of assault in the second degree and sentenced to two and one half to ten years in prison, which he is now serving. He was sentenced as a third offender, one of the two convictions charged as a prior felony conviction, being the same Vermont conviction mentioned above. Consequently he was improperly sentenced as a third offender. Though the same punishment could be imposed for a second offense as for a third offense, the defendant was entitled to be sentenced as a second offender rather than as a third offender. (*People ex rel. Stevens* v. *Jackson*, 283 App. Div. 3; *People* v. *Begue*, 1 A D 2d 289.) Order appealed from reversed, on the law, and it is directed that the defendant be resentenced on the conviction in 1949 of assault in the second degree as a second offender, and the matter remitted to the County Court of Washington County for such purposes. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.