# APPLICATION OF ABELT

## (145 N.W.2d 435)

(File No. 10343. Opinion filed October 12, 1966)

**Carleton R. Hoy,** of **Davenport, Evans, Hurwitz & Smith,** Sioux Falls, for petitioner and appellant.

**Frank L. Farrar,** Atty. Gen., **Walter W. Andre,** Asst. Atty. Gen., Pierre, for respondent.

RENTTO, Presiding Judge.

The applicant is serving a life term in the penitentiary under a sentence imposed by the Circuit Court of Harding County on March 16, 1965. His claim in this proceeding is that he was improperly sentenced as an habitual criminal. The trial court concluded that the sentencing court did not have jurisdiction to sentence him to life imprisonment as an habitual criminal, but since that court did have jurisdiction to sentence him for any

term not less than ten years on the substantive offense to which he pled guilty, it entered judgment quashing the writ. He appeals from that judgment.

On February 16, 1965, he was arraigned on a two-part information. See Ch. 183, Laws of 1961. The principal offenses were charged in the first part in three counts. The first two counts charged him with burglary in the first degree, each committed on January 29, 1965, and the third count with indecent molestation also committed on that date. The second part of the information charged three former felony convictions against him. He appeared at this arraignment with court appointed counsel and entered a plea of guilty to the two counts charging burglary in the first degree. The third count was then dismissed on motion of the prosecution.

The sentencing court, without advising him of his right to be tried as to the truth of the second part of the information, asked him as to each alleged former conviction whether he was the same person as charged therein. His answer to each was in the affirmative. Pronouncing of sentence was postponed until March 16, 1965, at which time applicant again appeared with his counsel. When asked if he had any legal cause to show why the sentence of the court should not be pronounced his counsel responded that they had none. He was then sentenced to the term which he is now serving. The judgment contains only one sentence. It was upon his conviction of the crime of "Burglary in the First Degree (Two Counts), and Under the Habitual Criminal Statute". At the time of this arraignment he was about 28 years old.

██ ██ Our habitual criminal statute SDC 13.0611 in subsection (3) requires that the person charged with the prior convictions shall be informed "of the allegations contained in such information and of his right to be tried as to the truth thereof according to law". In State v. Hillerud, 76 S.D. 476, 81 N.W.2d 130, we said that:

"In view of this clear legislative declaration we must conclude that the court is not privileged to inquire of

the defendant if he is the same person, until after the
defendant has been cautioned as to his rights, or has
effectively waived them."

In that case the defendant was appearing without counsel. In
State v. Ruffing, 78 S.D. 556, 105 N.W.2d 541, we had occasion
to consider the failure of the court to so advise the accused when
he appeared with counsel. We there said:

"He was afforded an opportunity to, and did, confer with
counsel. In the presence of such counsel he voluntarily
pleaded guilty to the information and readily admitted
all of the alleged prior convictions. No objections were
made and no legal cause shown by defendant or his
counsel why the former judgment should not have been
vacated and sentence enhanced. Under the circum-
stances strict compliance with the requirements of our
habitual criminal statute were waived."

The same conclusion must be drawn here. Even though the
described conduct waives the right to the statutory caution, it
nevertheless would be well to give it.

SDC 13.0611 also provides that: "A person who, after hav-
ing been convicted within this state of a felony or an attempt
to commit a felony, or under the laws of any other state, govern-
ment, or country, of a crime which, if committed within this
state, would be a felony, commits any felony within this state,
is punishable  *  *  *  (2) If a person has been three times
convicted as hereinbefore provided and thereafter commits a
felony within this state, such person may, in the discretion of
the court, upon such fourth  *  *  *  conviction of a felony,
be sentenced to imprisonment in a State Penitentiary for the
term of his natural life". One of the prior convictions relied on
to bring the applicant within the purview of subsection (2) of
this statute was a violation of 18 U.S.C.A., § 2312, commonly
referred to as the Dyer Act.

This enactment makes it an offense to transport in inter-
state commerce a motor vehicle knowing the same to have been
stolen. The applicant's prior conviction of this offense as dis-

closed by the record does not indicate that the applicant stole the vehicle involved nor does it reveal the value thereof. The trial court concluded that since these do not appear, it did not sufficiently allege the conviction of a crime in violation of the laws of the United States, which if committed within this state would be a felony. See SDC 13.3804, 13.3802 and 13.3813.

■ ■ Accordingly, it held that the sentencing court did not have jurisdiction to sentence the applicant to life under our habitual criminal act. In this we concur. The habitual criminal statute being highly penal in nature should be strictly construed and applied. State ex rel. Smith v. Jameson, 80 S.D. 333, 123 N.W.2d 300. The state does not challenge the correctness of that determination.

■ However, it does not follow from this that the writ applied for should have been granted. SDC 13.3705 provides that burglary in the first degree is punishable by imprisonment for any term not less than ten years. This permits one convicted of burglary in that degree to be sentenced for life. Consequently, the sentence here imposed on the applicant is valid, even though the court was without authority to impose such sentence on him under the habitual criminal statute. Ex Parte Watt, 73 S.D. 436, 44 N.W.2d 119. Since the sentencing court had jurisdiction to sentence applicant to life on his conviction of burglary in the first degree he is not entitled to be released from imprisonment in this proceeding.

■ On this appeal applicant has urged that it is his right to be remanded to the sentencing court for vacation of his present sentence and to be resentenced on his conviction of burglary in the first degree. He requests that this be done and we think it should, even though the same imprisonment could be imposed on that charge as under the habitual criminal act. People v. Begue, 1 A.D.2d 289, 149 N.Y.S.2d 791; People v. Shaw, 1 N.Y.2d 30, 150 N.Y.S.2d 161, 133 N.E.2d 681; People v. Gifford, 2 A.D.2d 642, 151 N.Y.S.2d 982; People v. French, 5 A.D.2d 852, 171 N.Y.S.2d 471. The sentence imposed on him resulted from a combination of his conviction of the substantive offense and his status as an habitual criminal.

■ This was beyond the jurisdiction of the sentencing court because the Dyer Act conviction relied on in that court was not a prior felony conviction. But his conviction of the principal offense being valid the sentencing court's power is exhausted only by pronouncing a valid judgment. Ex Parte Dunn, 50 S.D. 48, 208 N.W. 224. He should be sentenced on his conviction of burglary in the first degree absent the status of an habitual criminal. Customarily judges impose a heavier sentence on persons within the latter classification.

The judgment appealed from is affirmed and the applicant is remanded to the Circuit Court of Harding County for resentencing on the principal offense charged against him.

All the Judges concur.