**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Carmen L. SALWAY, Defendant and Appellant.**

**No. 17510.**

Supreme Court of South Dakota.

Considered on Briefs Dec. 5, 1991.

Decided July 22, 1992.

Mark Barnett, Atty. Gen., Frank E. Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Robin L. Zephier of Pennington County Public Defender's Office, Rapid City, for defendant and appellant.

WUEST, Justice.

Carmen Louise Salway (Salway) pled guilty to one count of forgery, SDCL 22–39–36, and to being an habitual offender, SDCL 22–7–7.

██ At the sentencing hearing the trial court said, in part,

It will be the judgment and sentence of the court that you be and you are hereby sentenced to serve seven years ...

\*    \*    \*    \*    \*    \*

Your sentence of seven years consists of five years on the forgery and two years on the habitual offender.

The written judgment and sentence simply reflects a seven year penitentiary term after Salway's conviction of forgery and being an habitual offender.

On appeal Salway is contending that her sentence is cruel, unusual, and a denial of due process. We do not reach this issue, however.

It is settled law in South Dakota that the oral sentence is the only sentence and the written sentence must conform to it. *State v. Cady*, 422 N.W.2d 828 (S.D.1988). It is only when the orally pronounced sentence is ambiguous that the written sentence is used to clarify the ambiguity. *State v. Munk*, 453 N.W.2d 124 (S.D.1990).

In Salway's case, the oral sentence is not ambiguous. The trial court sentenced Salway to a five-year penitentiary term for forgery * and a two-year term for being an habitual offender. As such, the trial court misapprehended the direct impact of the

* Forgery is a Class 5 felony punishable by five years imprisonment. A $5,000 fine may be im- posed. SDCL 22–39–36; SDCL 22–6–1(7).

habitual offender charge. SDCL 22–7–7 et seq.

■ The habitual offender statutes are not separate offenses for which a defendant may be separately sentenced. *Cady, supra; State v. DeMarsche,* 68 S.D. 250, 1 N.W.2d 67 (1950); *Ex Parte Watt,* 73 S.D. 436, 44 N.W.2d 119 (1950); *State v. Upchurch,* 101 Wis.2d 329, 305 N.W.2d 57 (1981). Rather, being a habitual criminal enhances the punishment for the principal crime to a higher class of felony. *Cady, supra;* SDCL 22–7–7 et seq. Therefore, the trial court erred by sentencing Salway separately on her conviction as a habitual criminal. The proper procedure is the enhancement of the forgery from a Class 5 felony to a Class 4 felony. SDCL 22–39–36; SDCL 22–7–7, SDCL 22–6–1(7), (6).

Salway makes no claim that her forgery and the habitual criminal convictions are invalid. Because the convictions are valid, "the sentencing court's power is exhausted only by pronouncing a valid judgment." *Application of Abelt,* 82 S.D. 308, 313, 145 N.W.2d 435, 437 (1966). Because the punishment ordered in this case was legally impermissible, resentencing is required. *Upchurch, supra.* "This is the generally accepted rule which applies when a defendant has received an unlawful sentence." *Id* 305 N.W.2d at 61. A. Campbell, *Law of Sentencing* § 16:7 (2d ed., 1991).

Therefore, the judgment appealed from is affirmed in part and reversed and remanded in part for resentencing in accordance with this opinion.

MILLER, C.J., and SABERS and AMUNDSON, JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring).

Salway stole check blanks in Sioux Falls. By forgery, she presented two of these checks (drawn on the Morrell Federal Credit Union, Sioux Falls, South Dakota) to a Rapid City bank, obtaining $250 on each check. Per a plea bargain, the second forgery account was dismissed; she entered a guilty plea to one count of forgery and an admission (under Part II of the Information) to being a habitual offender.

It is the sentencing which is the subject of this lawsuit. Trial court sentenced Salway to five years on the forgery count (the maximum) and two years on the habitual offender charge, i.e., seven years. Salway was ordered to pay $1,190.93 in restitution. My reading of the record reflects that this arises by virtue of two letters by the Victim's Assistance office in Pennington County, depicting claims from Norwest Bank, Check Rite, Serv-a–Check, and Rapid City Collection. Apparently, she does not dispute this figure. She was two and one-half months pregnant when she was sentenced. She admitted that she was convicted of third-degree burglary, a felony, in 1986. She is a very young, Native American (Indian) woman and, via the sentence, was to be imprisoned in the Springfield Correctional Facility, Springfield, South Dakota.[*] She is eligible for parole on November 15, 1992. This young Indian woman will be resentenced, via the edict of this Court, and this special writer prays that it be a determination of a fair judgment, and that this eligibility for parole, now approximately 4 months away, be considered. In my opinion, the sentencing should be based upon the circumstances of today, i.e., the reality of the situation, as distinguished from the date of the original sentence, so that the sentence is consonant with Salway's present situation and considering her confinement plus the goals of punishment. This includes rehabilitation. *See, State v. Weiker,* 342 N.W.2d 7, 11 (S.D.1983).

As it stands, the present sentence misapprehends and misinterprets the sentencing statutes of this state. Trial court treated the habitual offender statute as a separate offense. This cannot be. A habitual offender admission (by defendant) or finding (by a court or a jury) is simply a manner by which the base crime, by way of punish-

---

[*] Was this sentence "excessive" under the test in *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976)? We do not reach this because of our ruling that the sentencing process was flawed.

ment, is enhanced.  SDCL 22–7–7; *State v. Cady*, 422 N.W.2d 828 (S.D.1988).  Essentially, the judgment below is invalid as it stands.  Again, I pray His Honor's judgment that a resentencing herein be not a route step procedure.