SALTER, Circuit Court Judge
(concurring in part and concurring in result in part).
[¶ 51.] I join the Chief Justice’s opinion on Issues 1 and 2, and I agree that the error presented in Issue 3 requires this Court to vacate Medicine Eagle’s sentences and remand for resentencing. However, I do not agree that the trial court’s imposition of the sentences here implicates its jurisdiction, and I write separately to respectfully add my views.
[¶ 52.] Since the indictment in this case alleged offenses cognizable under South Dakota law, the trial court obtained the limit of its subject matter jurisdiction when the case commenced. See State v. Escalante, 458 N.W.2d 787, 789 (S.D.1990) (“A trial court in a criminal case does not acquire subject matter jurisdiction unless state files a formal and sufficient indictment or information.”) (citing In re Brockmueller, 374 N.W.2d 135 (S.D.1985); Honomichl v. State, 333 N.W.2d 797 (S.D.1983)). There simply is no additional layer or tier of jurisdiction that exists in a criminal case. I would hold that the trial court exceeded the statutory limits of its sentencing authority but did so without yielding its jurisdiction.
[¶ 53.] Nearly all of the federal courts of appeals confronting a similar issue have held that errors in the recidivist enhancement sentencing procedure for federal drug offenders impact only a trial court’s sentencing authority — not its jurisdiction. Federal prosecutors may seek enhanced mandatory minimum sentences for violations of the Controlled Substances Act for repeat drug offenders after filing an “information ... stating in writing the previous convictions to be relied upon.” 21 U.S.C. § 851(a)(1); see also 21 U.S.C. § 841(b)(viii) (authorizing enhanced sentences). However, in instances where compliance with section 851’s information-filing requirements has been suboptimal, the overwhelming majority of federal courts of appeals have refused to treat noncompliance as a jurisdictional infirmity. As the First Circuit Court of Appeals explained:
Whether or not the prosecution files a timely section 851(a)(1) information, a federal district court plainly possesses subject-matter jurisdiction over drug cases. See 18 U.S.C. § 3231 (conferring original jurisdiction “of all offenses against the laws of the United States”). This jurisdiction necessarily includes the imposition of criminal penalties. Once subject-matter jurisdiction has properly attached, courts may exceed their authority or otherwise err without loss of jurisdiction.... Thus, the only question that legitimately arises from the prosecution’s [failure to comply with section 851(a)(1) ] concerns the court’s authority to impose an enhanced sentence. This is simply not a question of subject-matter jurisdiction....
Prou v. United States, 199 F.3d 37, 45 (1st Cir.1999) (citations omitted); see also United States v. Pritchett, 496 F.3d 537, 543-46 (6th Cir.2007) (reviewing cases and noting only the Eleventh Circuit Court of Appeals has held noncompliance with section 851 implicates a jurisdictional error); United States v. Mooring, 287 F.3d 725, 727-28 (8th Cir.2002) (rejecting claim that irregularity in the section 851 information *904 procedure resulted in a jurisdictional error).
[¶ 54.] Here, the same analysis applies. The trial court had jurisdiction over this criminal case and, following the guilty verdicts, was obligated to proceed to sentencing. See SDCL 23A-27-1 (sentences “shall” be imposed without unreasonable delay). As explained below, the fact it undertook a habitual criminal proceeding without an effective Part II habitual criminal information constituted error which ultimately led to a sentence in excess of its authority. The error did • not, however, deprive the trial court of jurisdiction.
[¶ 55.] The issue — sentencing authority versus jurisdiction — involves more than mere semantics. Jurisdictional errors, as the Chief Justice’s opinion states, are not subject to waiver. United States v. Cotton, 535 U.S. 625, 122 S.Ct. 1781, 1782, 152 L.Ed.2d 860 (2002). They are also not subject to appellate review for harmlessness, and they may not be the subject of procedural default in post-conviction proceedings. McCoy v. United States, 266 F.3d 1245, 1248-49 (11th Cir.2001). Non-jurisdietional errors are treated differently. They can be waived or forfeited, State v. Ganrude, 499 N.W.2d 608, 612 (S.D.1993), and they can be reviewed for harmlessness. State v. Garritsen, 421 N.W.2d 499, 501 (S.D.1988).
[¶ 56.] Though the question is one of first impression in South Dakota, this Court’s previous decisions point decidedly, if implicitly, toward treating irregularities in the habitual offender procedures as non-jurisdictional errors. For instance, in State v. Pasek, this Court held that despite the trial court’s erroneous determination of the number of previous convictions, the defendant was not prejudiced because there was, in any event, a sufficient number of prior convictions to support his enhanced sentence. 2004 S.D. 132, ¶ 31, 691 N.W.2d 301, 310-11 n. 12. Further, in State v. Anderson, this Court rejected a prisoner’s repeated post-conviction efforts to challenge his enhanced sentence, noting his “failure to raise the issue on [direct] appeal barred any further appeal on the issue, and left only habeas corpus” and other post-conviction remedies as “possible avenues for ... relief.” 2005 S.D. 22, ¶ 24, 693 N.W.2d 675, 682. This Court has also affirmed a trial court’s decision to sentence a defendant as a habitual criminal despite the State’s failure to refile a “new” Part II habitual criminal information when the defendant was arraigned on an additional principal felony charge. State v. Graycek, 368 N.W.2d 815, 818 (S.D.1985). In Gray-cek, the defendant pleaded guilty to the additional felony charge as well as reduced misdemeanor drug charges pursuant to a plea agreement. The defendant objected to the state’s failure to file another habitual criminal information before sentencing, but declined the trial court’s offer to allow him to withdraw his guilty pleas and “be reinstated to the position he was in prior to entering his pleas.... ” Id. at 817-18. These cases strongly suggest that failure to comply with the habitual criminal statutes may be reviewed for harmlessness and also that it may be waived[19] or the subject of procedural default — none of which is consistent with a jurisdictional error.[20] See State v. Knoche, 515 N.W.2d *905 834, 840 (S.D.1994); State v. Moves Camp, 376 N.W.2d 567, 569 (S.D.1985).
[¶ 57.] The divergent views on this subject may well be attributable to the imprecision with which the term “jurisdiction” has historically been used. However, in its contemporary concept of subject matter jurisdiction, the Supreme Court has held that jurisdiction means simply “ ‘the courts’ statutory or constitutional power to adjudicate the case.’ ” Cotton, 535 U.S. at 630 122 S.Ct. at 1784, (quoting Steel Co. v. Citizens for Better Env’t, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). The facts in Cotton quickly illustrate the distinction between sentencing authority and the power to sentence.
[¶ 58.] In Cotton, a federal indictment alleging drug conspiracy offenses did not include threshold quantities necessary to trigger enhanced sentences. The trial court’s decision to impose an enhanced sentence was, therefore, erroneous, but it did not implicate subject matter jurisdiction and could be reviewed for harmlessness under the plain error doctrine. Id. at 631, 122 S.Ct. at 1785.
[¶ 59.] Applying these principles, the trial court’s procedural error here should also be reviewed for harmlessness. In my view, Medicine Eagle has preserved his objection to his sentence by objecting to it before it was imposed, and I would review the error for harmless error, rather than the more demanding strictures of the plain error doctrine. See United States v. Smith, 573 F.3d 639, 659 (8th Cir.2009) (errors which are preserved are reviewed for harmless error); State v. Card, 2007 S.D. 117, ¶ 15, 742 N.W.2d 257, 261 (in order to preserve an issue for appellate review, “[t]he trial court must be given an opportunity to correct any claimed error before we will review it on appeal”) (citation omitted); see also State v. Hotter, 340 N.W.2d 691, 692 (S.D.1983) (holding defendant’s sentencing argument was not properly before the Court because he “did not at any time prior to this appeal raise a claim that his sentence was improper or illegal”).[21]
[¶ 60.] Under harmless error review, error is harmless and may be disregarded where it does not affect a defendant’s substantial rights. SDCL 23A-44-14. The State must prove the error was not prejudicial. State v. Nelson, 1998 S.D. 124, ¶ 8, 587 N.W.2d 439, 443. Here, the State cannot sustain this burden.
[¶ 61.] The inquiry in this regard begins not with a judicial assessment of the purpose behind the habitual offender statutes or whether Medicine Eagle had notice that the State was seeking an enhanced sentence based upon the original Part II information. Rather, the analysis begins with the text of the principal statute at issue here which allows for an enhanced sentence only after a separate information has been filed. See SDCL 22-7-11. In addition, faithful application of this Court’s decisions requires that the habitual offender statutes be strictly construed because of their “highly penal nature.” See State v. Loop, 422 N.W.2d 420 (S.D.1988) (habitual offender statutes should be strictly construed given their “highly penal nature”); Graycek, 368 N.W.2d at 818; State v. Grooms, 339 N.W.2d 318 (S.D.1983); State v. Layton, 337 N.W.2d 809 (S.D.1983).
*906 [¶ 62.] The text of SDCL 22-7-11 provides in relevant part:
Any allegation that a defendant is an habitual criminal shall be filed as a separate information at the time of, or before, arraignment. However, the court may, upon motion, permit the separate information to be filed after the arraignment, but no less than thirty days before the commencement of trial or entry of a plea of guilty or nolo contendré. The information shall state the times, places, and specific crimes alleged to be prior convictions and shall be signed by the prosecutor.
[¶ 63.] The statute includes four principal requirements: (1) the filing of an information (2) signed by the prosecutor (3) at least thirty days before the trial or change of plea and (4) stating the times, places and specific crimes alleged. These requirements must be satisfied as a predicate to a sentencing judge’s authority to impose an enhanced sentence.[22] If these requirements are not satisfied, the imposition of an enhanced sentence could well lead to sentencing error which is not harmless.
[¶ 64.] That aptly describes what happened in this case. The original Part II Information was replaced by a superseding, amended Part II Information which was then, itself, dismissed, leaving no effective habitual offender information. Under these circumstances, the imposition of an enhanced mandatory life sentence presents a clear case of prejudice. Though a sentence of up to life was authorized at the time Medicine Eagle committed the offense of kidnapping, the habitual offender enhancement required a mandatory life sentence by elevating the authorized punishment from that of a Class 1 felony to a Class B felony.[23] Indeed, the trial court stated during the sentencing hearing that “[t]his is a mandatory life sentence” and that it “was not exercising any discretion in terms of that sentence.” Sentencing Hearing Transcript at 31. Therefore, the trial court’s error was not harmless, and the case must be remanded for resentenc-ing on the kidnapping charge.
[¶ 65.] The question of whether resen-tencing is required for the sexual contact and rape convictions presents a closer question, in my view. Both sentences were within the unenhanced sentencing ranges, and a credible argument could be made that the sentences were unaffected by the missing Part II Information. See Sentencing Hearing Transcript at 29 (trial court stating “those are the maximum penalties under the unenhanced charges pursuant to the Part II Information.”). *907 However, the trial court also ordered that the sentences be served concurrent to the life sentence after observing, “I don’t see any purpose being served by consecutive sentences in that regard.” Id. Given the fact that the trial court will resentence on the kidnapping charge and the fact the individual sentences could be potentially interrelated, the trial court may well feel differently on remand and should have the ability to undertake sentencing on all the counts of conviction.

. For example, in Graycek, this Court noted the defendant "in effect acquiesced” to the additional principal felony charge. 368 N.W.2d at 818.

. Though this Court has from time to time made reference to "jurisdiction” in the context of a habitual offender enhancement, it is clear the question has not been squarely presented and addressed on the merits. See, e.g., Graycek, 368 N.W.2d at 818; In re Abelt, 82 S.D. 308, 145 N.W.2d 435 (1966). Nor does the Chief Justice’s opinion rely upon these cases as controlling authority for its conclusion that the error here is jurisdictional.

. Here, the record establishes the trial court had the opportunity to address Medicine Eagle’s objection to the habitual offender sentencing enhancement. After Medicine Eagle filed an objection in advance of his sentencing hearing, the trial court considered the argument and rejected it, ultimately entering written findings of fact and conclusions of law. Under the circumstances, the trial record is sufficiently developed to enable appellate review.

. Though these requirements are necessary to a trial court's authority to impose an enhanced sentence, they should not be regarded as de facto "jurisdictional” requirements. Unlike true components of subject matter jurisdiction, the statutory requirements of SDCL 22-7-11 could be waived or reviewed for harmlessness. Indeed, this distinction appears to figure prominently in the Eighth Circuit Court of Appeals’ holding in Mooring, that the defendant had waived 21 U.S.C. § 851’s information requirement at the time of his change of plea hearing by stipulating that he had received sufficient notice under section 851. 287 F.3d at 727-28. In this case, by contrast, there is no indication Medicine Eagle actually undertook a knowing, voluntary and intelligent waiver of his rights under SDCL 22-7-11.

. In 2005, the Legislature amended the statute prescribing felony classes and penalties by adding a category of Class C felony, punishable by up to life in prison. SDCL 22-6-1(3). The maximum prison sentence for a Class 1 felony was reduced to fifty years. SDCL 22-6-1(4). The kidnapping statute, SDCL 22-19-1, was also amended in 2005, but at the time of Medicine Eagle’s offense, kidnapping was a Class 1 felony in the absence of the victim’s "permanent physical injury[.]” State v. Frazier, 2002 S.D. 66, ¶ 12, 646 N.W.2d 744, 749.