■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLIFFORD CRAWFORD, Respondent, v HAROLD J. SMITH, as Superintendent of the Attica Correctional Facility, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant. — Judgment reversed, petition dismissed and relator remanded to custody of respondent. Memorandum: Relator brought this habeas corpus proceeding contending that his 1975 sentence as a persistent felony offender is invalid because one of his previous felony convictions did not result in a sentence in excess of one year, and thus could not be counted as a predicate felony conviction under the persistent felony offender statute. Upon return of the writ, the court agreed with relator and remanded him for resentence. We reverse. "A persistent felony offender is a person * * * who stands convicted of a felony after having previously been convicted of two or more felonies" (Penal Law, § 70.10, subd 1, par [a]) for which "a sentence to a term of imprisonment in excess of one year, or a sentence to death, was imposed" (Penal Law, § 70.10, subd 1, par [b], cl [i]). The previous felony conviction in question was for a crime committed in 1964. Relator's first trial for that crime resulted in a conviction of burglary and the imposition of a reformatory sentence. That conviction was set aside in a habeas corpus proceeding because of an improper amendment of the indictment during trial. Relator was reindicted and, after retrial, he was convicted of burglary and grand larceny and again was sentenced to a reformatory term. That conviction was reversed on appeal and, as his third trial was about to begin in February of 1968, relator pleaded guilty to attempted grand larceny in the second degree in satisfaction of the indictment. At the time of the plea, the trial court, noting that relator had already served four years under his previous convictions, sentenced him "to the time already served." In sustaining the writ of habeas corpus, the court reasoned that no sentence was imposed upon the 1968 conviction since relator never spent any time in custody under that conviction; that the time spent under the previous invalid convictions "would count only as jail time." We disagree and we construe relator's sentence "to the time already served" as a sentence "in excess of one year" within the meaning of section 70.10 (subd 1, par [b], cl [i]) of the Penal Law. The court's reliance upon the case of *People v Shaw* (1 NY2d 30), involving a suspended sentence, is misplaced. There is a distinct difference

between the suspension of sentence (former Penal Law, § 2188) and a sentence to time already served. In the former instance, no sentence is imposed; in the latter, a specific sentence is imposed — a sentence for the exact period of time the defendant has already served for the same crime. Here, the relator had already served four years prior to sentence and that was the length of the sentence imposed for the conviction upon his plea. Under the former Penal Law, which must be applied to relator's 1968 conviction, relator was entitled to credit, against the sentence imposed, for the "time spent" under the previous invalid convictions with respect to the same crime (former Penal Law, § 2193, subd 4). Although there is no statutory provision expressly authorizing a sentence of "time served," the obvious effect of such a direction is to sentence a defendant to a term equivalent to the time he has already spent in custody under an invalid conviction, with the result that, by statute, he will be given credit against his sentence for the time already served. There is no language in the persistent felony offender statute requiring that the sentence upon the previous felony conviction be served after that conviction. The statute requires only that the sentence be "imposed" for that conviction and that the defendant be imprisoned before the commission of the subsequent felony (Penal Law, § 70.10, subd 1, par [b], cl [ii]). Since relator has served a sentence in excess of one year, which was imposed upon his 1968 felony conviction, that conviction was properly counted as a predicate felony conviction under the persistent felony offender statute. Relator's other contention, that a reformatory sentence may not be counted in determining whether a defendant is a persistent felony offender is without merit (see *People v Wright,* 69 Misc 2d 1050, affd on opn at Trial Term 35 NY2d 944). It is true, as the dissent suggests, that we cannot determine what sentence a court might have imposed had the defendant not already served time upon a previous conviction. The statute, however, does not call upon a court, in determining whether the defendant is a persistent felony offender, to speculate upon what sentence a defendant might have received upon a predicate conviction, but requires the court to act upon the sentence actually imposed. This will not result in manifest injustice to a defendant who, because of a lack of prior criminal history or because of the minor nature of crime, might well have received a sentence of one year or less, even though he had already served more than one year under a prior invalid conviction. First, there is nothing to prevent the court from sentencing such a defendant to a suspended sentence, to probation, or to a term of one year or less, thus precluding the use of the conviction as a predicate for a later adjudication as a persistent felony offender. Second, if under these circumstances, the court overlooks the effect that a sentence to time served may have on the defendant's later persistent felony status, and sentences him to time served, a later court is not compelled to sentence the defendant as a persistent felon. Even though a defendant, by virtue of the requisite predicate felony convictions, is found to be a persistent felony offender, he may not be sentenced as such unless the court "is of the opinion that the history and character of the defendant and the nature and circumstances of his criminal conduct indicate that extended incarceration * * * will best serve the public interest" (Penal Law, § 70.10, subd 2). Should one of the defendant's convictions, resulting in a sentence of time served, be for a minor crime, or should the defendant lack a previous criminal history, the later court may consider those factors and may avoid any injustice by refusing to sentence that defendant as a persistent felony offender. On the other hand, manifest injustice to the public will result and the purpose of the statute will be frustrated if we determine that a predicate conviction resulting in a sentence for time served cannot subject the defendant to a sentence as a persistent felony offender, regardless of the nature of the crime and the extent of the defendant's criminal history. Concur — Callahan, Boomer and Schnepp, JJ.

Hancock, Jr., J. P., and Green, J., dissent and vote to affirm in the following memorandum: We cannot agree that relator's sentence to "time served" on his 1968 plea of guilty to attempted grand larceny, second degree, constitutes "a sentence to a term of imprisonment in excess of one year" (Penal Law, § 70.10, subd 1, par [b], cl [i]) so as to form a basis for persistent felony offender status. While it is true that at the time of sentencing, relator had already served jail time far in excess of one year, we do not accept the majority's premise that the sentence to "time served" is actually a sentence "to a term equivalent to the time [relator] has already spent in custody under an invalid conviction". We do not know what sentence the court would have given relator if he had not already served in excess of the maximum for the crime pleaded; indeed, the court here could legally have sentenced relator to one year or less (Penal Law, § 70.00, subd 4). Where, as here, the sentence could have been one year or less, we cannot, in our opinion, hold as a matter of law that a sentence to "time served" constitutes a sentence "in excess of one year" solely on the ground that the defendant accumulated over a year of jail time prior to sentencing. Application of this precedent to a defendant who would have received a sentence to one year or less but who was sentenced to "time served" because he had already served more than one year could result in manifest injustice; and to such a defendant it is no answer that a subsequent sentencing court might in its discretion decline to sentence him as a persistent felony offender. Whether a given conviction may be counted in determining whether a defendant is a persistent felony offender is a purely legal question to be decided in accordance with the statutory definition (Penal Law, § 70.10, subd 1) and is not a subject for the court's discretion. We note also that there is no provision in the Penal Law or elsewhere authorizing a sentence to "time served." (Appeal from judgment of Supreme Court, Wyoming County, Conable, J. — habeas corpus.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.