STATE, Respondent, v. DeMARSCHE, Appellant

(1 N. W.2d 67.)

(File No. 8470.   Opinion filed December 9, 1941.)

**Edward Prchal,** of Burke, for Appellant.

**Leo A. Temmey,** Atty. Gen., and **H. O. Lund,** Asst. Atty. Gen., for Respondent.

RUDOLPH, J. The defendant pleaded guilty to a charge of burglary in the third degree, and was sentenced to a term of ten years in the state penitentiary. Thereafter there was presented to the trial judge who sentenced defendant, a so-called second information wherein it was alleged that the defendant had been on four prior occasions convicted of felonies in the state of South Dakota, and upon each conviction sentenced to the penitentiary in this state. Under this second information the state desired to have the defendant sentenced as an habitual criminal under the provisions of SDC 13.0611. The trial judge, however, withheld acting upon this second information, which was subsequently withdrawn by the state's attorney, and the defendant began serving his ten year sentence in the penitentiary. Some two or three weeks thereafter the state's attorney filed a new information wherein the four prior offenses were set forth in detail, and wherein it was again sought to have the defendant sentenced as an habitual criminal. Upon the filing of this last information, the defendant was brought from the penitentiary and taken before a judge in the circuit other than the judge who had last sentenced the defendant; the defendant thereupon filed an affidavit of prejudice against the judge before whom he was taken, and a trial judge from the adjoining circuit was called in to act. This judge, upon determining the facts set forth in this last information, set aside the judgment sentencing the defendant to the penitentiary for a term of ten years, and entered a new judgment wherein the defendant was sentenced to imprisonment in the state penitentiary for the term of his natural life. It is admitted in this record that at the time the defendant was given the ten-year sentence the trial judge who sentenced him knew of the prior convictions of defendant, and knew that upon each conviction the defendant had served a term in the state penitentiary. The defendant has appealed from the second judgment wherein he was sentenced to life imprisonment.

There is no dispute in the facts and the only question presented is whether it was within the authority of the third trial judge called upon to act, under these admitted facts, to set aside the prior sentence and resentence the defendant to life imprisonment.

SDC 13.0611 provides, as follows:

"A person who, after having been convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony within this state, is punishable upon conviction of such second offense as follows:

"(1) If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then such person may be sentenced to imprisonment for a term not more than twice the longest term prescribed upon a first conviction;

"(2) If a person has been three times convicted as hereinbefore provided and thereafter commits a felony within this state, such person may, in the discretion of the court, upon such fourth or any subsequent conviction of a felony, be sentenced to imprisonment in a State Prison for the term of his natural life;

"(3) If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth herein, it shall be the duty of the state's attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall request such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer or remains silent, his plea

or the fact of his silence shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set forth in such information. If the jury finds that he is the same person or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he is the same person, the court shall sentence him to the punishment prescribed herein, as the same may apply, and shall vacate the previous sentence, deducting from the new sentence all time actually served on the sentence so vacated. Whenever it shall become known to any warden or prison, probation, parole, or police officer or other peace officer that any person charged with or convicted of a felony has been previously convicted within the meaning of this statute, it shall become his duty forthwith to report the facts to the state's attorney of the county."

Prior to the revision of the code in 1939, there appeared following the semi-colon in Subdivision (2) of SDC 13.0611, the following sentence: "A person to be punishable under this and the preceding section need not have been indicted and convicted as a previous offender in order to receive the increased punishment therein provided, but may be proceeded against as provided in the following section." Rev. Code 1919, § 3613, as amended by Laws 1927, c. 119, § 2.

Under our view of the application of the statute to the facts before us, the effect of the omission of this sentence in the code of 1939 upon the meaning of this law need not be decided in this case.

▮▮▮ This law with which we are here concerned apparently found its inspiration in the so-called "Baumes Act" enacted in New York in 1926. Penal Law, Consol. Laws, c. 40, §§ 1941-1943. However, insofar as here material, there is one important distinction between our law and the "Baumes Act." Under the New York law the enhanced punishment for the subsequent offense is fixed and mandatory; under our law it is not, but is left to the discretion of the trial court. The legislature in the state of New York has made it the imperative duty of the court to impose upon

the habitual offender the penalty it has fixed. People v. Gowasky, 244 N. Y. 451, 155 N. E. 737, 58 A. L. R. 9. So also has the law of Oregon, State v. Smith, 128 Or. 515, 273 P. 323; and Florida, Cross v. State, 96 Fla. 768, 119 So. 380. The above cases perhaps justify the conclusion that in New York, Oregon, and Florida, the prior convictions may be established and the enhanced penalty imposed under provisions similar to subsection three of our act after conviction and sentence on the principal offense, and even though the prior convictions were known to the court at the time of passing sentence on the principal offense. But under our law, which leaves the sentence within the discretion of the court, we cannot justify a similar conclusion as applied to the facts now before us. The facts in this case disclose that the first trial judge knew of all the prior convictions, which stand admitted, and knowing of these prior convictions sentenced the defendant to ten years in the penitentiary for a crime to which he could, within his discretion, affix a penalty of fifteen years. SDC 13.3705. Knowing all of the facts which were brought to the attention of the third trial judge under the supplemental proceedings, the first trial judge refused to impose the maximum penalty of fifteen years. Certainly, under the facts of record it would appear that the first trial judge had imposed such sentence as in his discretion seemed appropriate, which was less than the maximum, with full knowledge of all the facts possessed by the third trial judge who, if acting with authority under the statute, was also imposing such sentence as his discretion dictated. We are satisfied that the legislature never intended by the enactment of this law to permit a situation where one trial judge with knowledge of all the facts could in the exercise of his discretion sentence a defendant five years less than the maximum allowed by law, and then on a supplemental proceeding vest another trial judge with discretion and thereby permit a life sentence for the same offense for which defendant had already been sentenced. It should be noted in this connection that our statute does not create a new offense, but merely prescribes a punishment for the subsequent offense which in the discretion of the court may be made

more severe than the punishment provided for the prior offenses. Such is the construction placed upon similar laws. See cases cited in 24 C. J. S., Criminal Law, § 1958. The third trial judge was, therefore, imposing a sentence for the identical crime for which the defendant had already been sentenced.

To avoid any misunderstanding, we wish to state that this opinion ,is, of course, limited by the fact situation before us. The effect of the law, should it be shown that the judge first passing sentence was without knowledge of the prior conviction, is not now before us; neither is it necessary to decide whether the law as it now stands contemplates that prior convictions, if known, must be alleged in the information.

The sentence of the first trial judge is still in all respects valid and effective. The sentence of life imprisonment was without authority and void. The judgment appealed from is reversed.

All the Judges concur.