STATE, Respondent v. RUFFING, Appellant

(105 N.W.2d 541)

(File No. 9838. Opinion filed October 21, 1960)

**Dudley R. Herman,** Gregory, for Defendant and Appellant.

**Parnell J. Donohue,** Atty. Gen., **Charles Poches, Jr.,** Asst. Atty. Gen., for Plaintiff and Respondent.

HANSON, J.    Joseph John Ruffing was charged with and tried for the crime of second degree rape in the Circuit Court of Gregory County. He was found guilty of the lesser included offense of assault with intent to commit rape upon which verdict he was sentenced to

five years in the State Penitentiary. Sentence was imposed and judgment entered on December 18, 1958. Later the same day the State's Attorney filed a supplemental information alleging that defendant had previously been convicted of the following felonies: Escape, Obtaining Money Under False Pretenses, and Grand Larceny. Upon his plea of guilty defendant's sentence was increased to ten years and the previous five-year sentence vacated. He appeals.

Defendant's principal contention is that he was not fully and properly advised of his rights in the supplemental proceedings in which his sentence was enhanced.

█ Our habitual criminal statute does not create a new or separate offense. It merely authorizes enhanced penalties for habitual offenders in the discretion of the trial court. Proceedings thereunder are presented by Subsection 3 of SDC 13.0611 as follows:

"If at any time, either after sentence or conviction, it shall appear that a person convicted of a felony has previously been convicted of crimes as set forth herein, it shall be the duty of the state's attorney of the county in which such conviction was had to file an information accusing the said person of such previous convictions. Whereupon, the court in which such conviction was had shall cause the said person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegations contained in such information and of his right to be tried as to the truth thereof according to law, and shall request such offender to say whether he is the same person as charged in such information or not. If he says he is not the same person or refuses to answer or remains silent, his plea or the fact of his silence shall be entered of record and a jury shall be empanelled to inquire whether the offender is the same person mentioned in the several records as set

forth in such information. If the jury finds that
he is the same person or if he acknowledges or
confesses in open court, after being duly caution-
ed as to his rights, that he is the same person,
the court shall sentence him to the punishment
prescribed herein, as the same may apply, and
shall vacate the previous sentence, deducting from
the new sentence all time actually served on
the sentence so vacated. Wherever it shall
become known to any warden or prison, probation,
parole, or police officer or other peace officer that
any person charged with or convicted of a felony
has been previously convicted within the meaning
of this statute, it shall become his duty forthwith
to report the facts to the state's attorney of the
county."

At his trial defendant was represented by court-
appointed counsel, William C. Grady. Such counsel, how-
ever, did not appear or represent defendant at the supple-
mental arraignment. The record of such arraignment shows
the following proceedings:

"Mr. Donohue: May the record show that the
defendant is being furnished with a copy of
the Information.

(a copy of the Information is handed to defend-
ant)

(the Information is read by State's Attorney)

"The Court: Mr. Ruffing, you have heard
the Information under the habitual criminal act
read to you and I presume you have a copy of
it in your hand. Now do you have a lawyer rep-
resenting you at this time?

"Mr. Ruffing: No.

"The Court: Do you want a little time
to consult with a lawyer?

"Mr. Ruffing: Yes.

"The Court: Very well, we will be in recess for approximately 30 minutes and you can see what you want to do about this new charge.

(recess for approximately 30 minutes)

"The Court: Let the record show that after recess there appeared in Court the defendant, together with his counsel, Dudley Herman and the officers of this Court and thereupon the following proceedings were had:

The defendant may rise.

Mr. Ruffing, do you have a lawyer representing you at this time? .

"Mr. Ruffing:   Mr. Herman.

"The Court: I wonder, Mr. State's Attorney, if you wish to arraign the defendant at this time?

"Mr. Donohue: The defendant has been arraigned. All there is is to sentence him.

"Mr. Herman: I was here.

"The Court: Let the record show that the counsel, Dudley R. Herman was present at the reading of the Information and has waived any further reading of the information and states for the record he is now appearing for Joseph John Ruffing as counsel.

"The Court: Are you attorney for Mr. Ruffing in this matter, Mr. Herman?

"Mr. Herman: Yes, I am.

"The Court: Mr. Ruffing, are you ready at this time to enter your plea of guilty or not guilty to the habitual criminal charge just filed by Mr. Donohue?

"Mr. Ruffing: Yes.

"The Court: What is your plea, guilty or not guilty?

"Mr. Ruffing: Guilty.

"The Court: The Clerk of Courts will note the entry of a plea of guilty. Is there any legal cause to show why sentence of the Court should not be pronounced at this time?

"Mr. Ruffing: No.

"Mr. Herman: None.

"The Court: Is there anything you want to say to the Court about this matter before the Court passes sentence?

"Mr. Herman: None.

"Mr. Ruffing: No.

"The Court: It is the judgment of the Court that you be sentenced to a period of ten years of hard labor to the penitentiary at Sioux Falls, South Dakota, served under the rules and regulations of that institution and that you pay whatever costs there are in this proceedings."

Thereafter the court questioned defendant about the alleged prior convictions. Defendant readily admitted the same and that he was the same person as charged in such information with reference to each prior crime. Thereupon the court informed defendant the five-year sentence was vacated and he would be subject to the ten-year sentence. Such action is reflected in the subsequent judgment entered by the court.

██ ██ Manifestly the provisions of our habitual criminal statute were not followed. Before defendant's sentence was enhanced he was not informed "of the allegations contained in such information" or "of his right to be tried as to the truth thereof according to law" and

he was not requested to say whether he was "the same person as charged in such information or not." However, compliance with such statutory requirements may be waived, either expressly or by implication. People v. Gowasky, 244 N.Y. 451, 155 N.E. 737, 58 A.L.R. 9.

In the absence of a waiver it is the mandatory duty of the trial judge to inform an accused, without counsel, of his rights under our statute. State v. Hillerud, 76 S.D. 476, 81 N.W.2d 130. The defendant in the present case was 31 years of age and no stranger to criminal procedures. He was afforded an opportunity to, and did, confer with counsel. In the presence of such counsel he voluntarily pleaded guilty to the information and readily admitted all of the alleged prior convictions. No objections were made and no legal cause shown by defendant or his counsel why the former judgment should not have been vacated and sentence enhanced. Under the circumstances strict compliance with the requirements of our habitual criminal statute were waived.

The other two assignments of error relate to exclusionary rulings of the trial court during defendant's cross-examination of the prosecutrix and the Sheriff of Gregory County. The scope and extent of cross-examination rests in the sound judicial discretion of the trial court. State v. Rasmusson, 72 S.D. 400, 34 N.W.2d 923. In our opinion the record does not show an abuse of discretion in this regard.

Affirmed.

All the Judges concur.