STATE of South Dakota, Plaintiff and Respondent,

v.

Charles Wesley WATKINS, Defendant and Appellant.

No. 12412.

Supreme Court of South Dakota.

Argued Oct. 16, 1978.

Decided Dec. 29, 1978.

John P. Guhin, Asst. Atty. Gen., Pierre, for plaintiff and respondent; William J. Janklow, Atty. Gen., Pierre, on brief.

William D. Kenyon, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

This is an appeal from circuit court for the Second Judicial Circuit of a conviction for escape. Appellant contends that he was not allowed the proper number of peremptory jury challenges and that the habitual criminal statute was improperly utilized against him in sentencing. We affirm.

Appellant had been imprisoned in the South Dakota State Penitentiary serving a ten-year sentence for third-degree burglary. One morning appellant was determined to be missing from the penitentiary and was believed to have escaped. Near midnight that same day, he was apprehended in a barn near Dell Rapids, South Dakota, and was returned to the penitentiary.

The State of South Dakota (State) then filed a two-part information charging appellant with escaping from the penitentiary in violation of SDCL 24–12–1 and with being a habitual offender under SDCL 22–7–1(2).[1]

1. SDCL 22–7–1 provides:

   A person who, after having been convicted within this state of a felony or an attempt to commit a felony, or under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any felony within this state, is punishable upon conviction of such second offense as follows:

(1) If the subsequent felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less

After the jury convicted appellant on the escape charge, he waived a jury trial as to the habitual offender portion of the information, and, after proper hearing, the trial court found him to be a habitual offender having at least three prior felony convictions and sentenced him to five years in the state penitentiary.

Appellant's first contention is that the trial court erred in refusing to allow him twenty peremptory jury challenges instead of ten,[2] since, if he were found guilty on the first part of the information, he could be sentenced to life imprisonment if adjudged a habitual criminal under the second part of the information. We disagree.

The South Dakota statute regarding enhanced punishment for habitual criminals does not create a new offense, but merely authorizes the trial court, in its discretion, to impose a more severe penalty upon one who is found to have the status of a habitual criminal.[3] *State v. DeMarsche*, 68 S.D. 250, 1 N.W.2d 67 (1941); *State v. Ruffing*, 78 S.D. 556, 105 N.W.2d 541 (1960). The crime charged is the offense referred to in SDCL 23–43–28. Whether or not an accused is a habitual offender has no relation to the trial for the charge against him, for the habitual criminal statute has nothing to do with trial procedure. The subsequent finding as to whether he is a habitual offender goes only to the punishment he will receive as a result of his recidivist status and not to the punishment for the particular offense charged.

Defendant next contends that the habitual offender statute does not apply to persons charged with the crime of escape and advances a rather unique argument in support of his contentions. It appears, however, that he failed to raise the issue before the trial court and it is therefore not preserved for argument before this court.[4]

The judgment and sentence of the trial court is affirmed.

WOLLMAN, C. J., and DUNN and PORTER, JJ., concur.

ZASTROW, J., dissents.

ZASTROW, Justice (dissenting).

I respectfully dissent.

SDCL 23–43–28 provides that the defendant is entitled to twenty peremptory challenges where the maximum imprisonment for an offense is life imprisonment. The opinion points out that the habitual criminal statutes do not create an offense but are authorized enhanced punishment for the underlying crime.

In this case the possible enhanced penalty for the underlying crime is life imprisonment. It is illogical to say that the maximum punishment for the underlying crime is less than life in determining the number of peremptory challenges, but the maximum punishment is life imprisonment when it is time to sentence the defendant.

The fact that the statutes provide for the hearing on the habitual criminal allegation after a conviction on the underlying crime does not alter the fact that the *possible* maximum penalty is life imprisonment. There are other crimes which provide a

---

than his natural life, then such person may be sentenced to imprisonment for a term not more than twice the longest term prescribed upon a first conviction;

(2) If a person has been three times convicted as hereinbefore provided and thereafter commits a felony within this state, such person may, in the discretion of the court, upon such fourth or any subsequent conviction of a felony, be sentenced to imprisonment in a state prison for the term of his natural life.

2. SDCL 23–43–28 provides as follows:
    In all criminal cases either party is entitled to the following peremptory challenges:

(1) When the offense is punishable by death or by imprisonment for life in the state penitentiary, twenty;
(2) When the offense is punishable by imprisonment in the state penitentiary for a term less than life, ten;
(3) In all other cases, three.

3. See note 1, supra.

4. Objections must be made to the trial court to allow it to correct its mistake or reviewing court will not review it on appeal. *Stark v. Stark*, 79 S.D. 178, 109 N.W.2d 904 (1961).

possible maximum penalty of life imprisonment, however, the fact that the sentence allowed may be less than life imprisonment (e. g., where there may be lesser included crimes) is not grounds to allow less than 20 peremptory challenges. This situation here is no different; the fact that the sentence allowed may be less than life imprisonment because an inability to establish three prior felony convictions does not alter the fact that at the time of the jury selection the *possible* maximum sentence is life imprisonment. Twenty peremptory challenges are allowed *by statute* and should have been granted.