**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Robert Neil HELLING, Defendant and Appellant.**

No. 15056.

Supreme Court of South Dakota.

Considered on Briefs March 20, 1986.

Decided July 9, 1986.

Frank Geaghan, Asst. Atty. Gen., Mark V. Meierhenry, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

Robert A. Haivala, Sturgis, for defendant and appellant.

MORGAN, Justice.

Defendant Robert Helling (Helling) appeals from his DWI third-offense conviction entered June 13, 1985. We reverse and remand.

On November 16, 1984, the South Dakota Highway Patrol received a call concerning an accident on Highway 85 near Deadwood, South Dakota. A trooper proceeded to the scene of the accident and found Helling's automobile backed into a driveway and straddling a retaining wall. No one was in the car at the time. Although no one was near the accident site, the driver of the car was described as wearing a light-colored cowboy hat.

After finding no one near the accident scene, the trooper proceeded to return to his unit. He received a call that someone was attempting to break into a house located only a short distance from the accident. The trooper responded to the call and found Helling.

Helling admits it was his car at the accident scene but claims he was not driving. He claimed that he knew he was intoxicated, so he stopped in Sturgis on his way home and attempted to locate someone who would drive him to Hot Springs. Helling claims a person whom he did not know agreed to drive him. Helling then said the "unknown person" drove the car and caused the accident while Helling slept in the passenger seat. According to Helling, this unknown driver was wearing clothing similar to his.

Prior to trial, defense counsel noted that if Helling was convicted it would be his third DWI. DWI-third offense is a felony. SDCL 32-23-4. As a result, counsel claimed Helling would be entitled to ten peremptory challenges during voir dire; and requested the trial court permit this.

The trial court denied this motion, ruling that SDCL 32–23–4 is a habitual offender statute and does not affect the procedural aspects of the underlying trial.

During trial, Helling stuck to his story of the "unknown driver." On cross-examination, the prosecutor asked whether Helling was arrested for DWI following an earlier accident. Over defense objection, the trial court admitted the question and Helling's answer under SDCL 19–12–5, in that Helling's past conviction for DWI related to Helling's motive for making up the "phantom driver" scenario.

We first examine Helling's claim of error in the admission of his prior DWI conviction on cross-examination. He claims this was an impermissible admission of evidence relating to his character. *See* SDCL 19–12–4.

Normally, character evidence relating to an accused's propensity to commit a crime is not admissible. SDCL 19–12–4. This is particularly true, when the evidence concerns other crimes. SDCL 19–12–5.[1] Numerous exceptions, however, exist to the general rule. Evidence of other crimes may be admitted when it is offered to show such things as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. SDCL 19–12–5. Here, State claimed the testimony of Helling's prior DWI was admissible to show his motive for running from the accident and creating his "phantom driver" story.

During cross-examination, State asked Helling whether he had been arrested for DWI following an earlier accident. Defense counsel objected to the question. In chambers, State alleged:

Your Honor, quite frankly, the statute [SDCL 19–12–5] specifically allows this type of cross-examination in that evidence or [sic] prior conduct or bad acts on the part of this defendant are permissible to establish motive, lack of mistaken identity, etcetera. The State would submit, Your Honor, that in light of this defendant's past criminal record involving DWI's it goes to his motive for making up a story that he wasn't the driver in this case.

[Defense Counsel:] Your Honor, the motive listed in that statute goes to the motive of the crime itself. It doesn't go to impeachment, which counsel is trying to do.

THE COURT: All right, you guys have made your record. All right, I'll deny it [the defense objection].

In *State v. Tiger*, we stated:

"In ruling on the admissibility of evidence of other crimes, wrongs, or acts, a trial court must first determine relevancy. 'Any fact that tends to connect an accused with the commission of a crime is relevant and has probative value.' 'Such other incidents are material if they show a plan or system of criminal action and acts constituting continuous offenses.' If the trial court determines the evidence is relevant, it must then decide whether the probative value of the evidence substantially outweighs its prejudicial effect. If, although relevant, the court decides its admission will produce unfair prejudice to the defendant, it cannot be admitted. This delicate balancing process is within the trial court's sound discretion. The question on review is whether the trial court abused that discretion."

365 N.W.2d 855, 856 (S.D.1985) (quoting *State v. Means*, 363 N.W.2d 565, 568 (S.D. 1985) (citations omitted)).

█ As noted above, the trial court permitted the cross-examination because it felt that it was admissible to show motive. We believe this was error.

Motive has been defined as 'supplying the reason that nudges the will and prods

---

1. SDCL 19–12–5 provides:

   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

the mind to indulge the criminal intent.' Two evidentiary steps are involved. Evidence of other crimes is admitted to show that defendant has a reason for having the requisite state of mind to *do the act charged,* and from this mental state it is inferred that he did commit the act.

2 J. Weinstein & M. Berger, *Weinstein's Evidence,* § 404[14], at 040–108 (1985) (emphasis added).

Helling's prior DWI conviction was not used to show he had a motive to commit the offense charged. It was instead used by State as part of its impeachment of Helling's "phantom driver" story. Its only purpose was to enable the prosecutor to show how preposterous Helling's story was. This, however, could have been accomplished without the added prejudice of admission of Helling's prior DWI conviction. We note also that this conviction is not admissible for impeachment purposes under SDCL 19–14–12, in that it was not punishable by imprisonment in excess of one year, SDCL 32–23–3 and SDCL 22–6–2, nor did it involve dishonesty or false statement.

■ We hold that Helling's prior DWI was not relevant to the charge of DWI in this proceeding, and its admission constituted prejudicial error. The conviction is reversed and remanded for new trial.

Helling also contends the trial court erred in not allowing him ten peremptory challenges during voir dire. He claims he was entitled to these challenges since he was facing felony DWI charges under SDCL 32–23–4.[2] Since we remand the cause for new trial on the first issue, we deem it necessary to address this argument as the issue may occur upon retrial.

The number of peremptory challenges granted during a jury trial is governed by statute. SDCL 23A–20–20. In a Class 6 felony, a defendant is entitled to ten per-

emptory challenges. State claims, however, that SDCL 32–23–4 is simply a punishment enhancement statute. State alleges the underlying crime, SDCL 32–23–1, is a misdemeanor and defendant is entitled to only three peremptory challenges. SDCL 23A–20–20.

It is clear that if SDCL 32–23–4 is a punishment enhancement statute, then Helling is not entitled to the additional peremptory challenges. *State v. Holiday,* 335 N.W.2d 332 (S.D.1983). In *Holiday,* this court stated:

"The South Dakota statute regarding enhanced punishment for habitual criminals does not create a new offense, but merely authorizes the trial court, in its discretion, to impose a more severe penalty upon one who is found to have the status of a habitual criminal.... Whether or not an accused is an habitual offender has no relation to the trial for the charge against him, for the habitual criminal statute has nothing to do with trial procedure."

*Id.* at 336–37 (quoting *State v. Watkins,* 272 N.W.2d 839, 840 (S.D.1978) (citations omitted)).

■ Recently, this court implied that the statutes providing penalties for multiple DWI convictions were punishment enhancement statutes. *State v. Nilson,* 364 N.W.2d 532 (S.D.1985). The court noted: "At the time of [Nilson's] convictions, SDCL 32–23–4.1[3] provided that [the prior DWI convictions] could be used for a period of four years in order to *enhance punishment for a subsequent DWI offense."* 364 N.W.2d at 532 (emphasis added). Additionally, the court noted that South Dakota's habitual offender statute " 'does not create a new offense, but merely prescribes a punishment for the subsequent offense.' " *Id.* at 533 (quoting *State v. DeMarsche,* 68 S.D. 250, 254, 1 N.W.2d 67, 69 (1941)). We believe that SDCL 32–23–4 is a punishment enhancement statute, inasmuch as this

---

**2.** SDCL 32–23–4 provides, in pertinent part: "If conviction for a violation of § 32–23–1 is for a third offense, or subsequent offense thereafter, such person is guilty of a Class 6 felony ...."

**3.** SDCL 32–23–4.1 presently allows prior DWI convictions to be used for enhancement purposes for a period of five years.

court has determined that SDCL 32–23–4.1 sets the time limit in which prior DWI convictions can be used for enhancement purposes.

Thus, under *Holiday*, Helling was not entitled to the additional peremptory challenges on the underlying charge. Inasmuch as Helling pleaded guilty to the Part II information alleging his habitual offender status, and did not request a jury trial on this charge, he has no claim regarding peremptory challenges in the habitual stage of the proceeding.

Since Helling was prejudiced by inadmissible evidence regarding a prior conviction, we reverse and remand for new trial.

HENDERSON and SABERS, JJ., concur.

WUEST, J., concurs in part and dissents in part.

FOSHEIM, C.J., dissents.

WUEST, Justice (concurring in part, dissenting in part).

I concur, except as to the number of peremptory challenges. In my opinion, SDCL 32–23–4 is a punishment enhancement statute; however, this should not be controlling. SDCL 23A–20–20 provides in part: "In all other felony cases, the prosecution and the defense each have ten peremptory challenges." The statute further provides for only three in misdemeanor cases. When a defendant stands charged in a supplemental information with two or more previous DWI convictions within five years, he is facing a term in the state penitentiary. A felony is a crime which is or may be punishable by imprisonment in the state penitentiary. SDCL 22–1–4.

In deference to the majority opinion, *Holiday* and *Watkins* provide strong precedent to support it. I would, however, distinguish those cases without overruling them in order to provide ten peremptory challenges to a person charged with third offense DWI.

Logically, it is difficult to make that distinction. On the other hand, conviction of a third offense is a felony and the statute provides for ten peremptories for felonies. Further, *Holiday* and *Watkins* were afforded ten peremptories upon the felony charge against them. They wanted twenty because they faced life imprisonment as habitual criminals. As a practical matter, they were fairly treated with ten peremptories. A third DWI offense is rightly considered a serious offense in South Dakota, and it often results in a penitentiary term. Drunken drivers do not belong on the highway. The law, however, provides for ten peremptory challenges for felonies, and a third DWI conviction is a felony. Therefore, I would afford such offenders the same rights as those granted any other person charged with a felony.

FOSHEIM, Chief Justice (dissenting).

While I agree with the majority that the prior convictions were not admissible under SDCL 19–14–12, I disagree with the court's holding that the offenses were not admissible under SDCL 19–12–5.

In this case, the prior convictions were used to prove the defendant's motive to lie. The majority finds that this is not a proper use of the prior wrong acts. The court holds that the motive which the state is allowed to establish must be the "motive to commit the offense charged." This limitation unnecessarily restricts the rule.

The rule says simply that prior convictions may be used "for other purposes, such as proof of motive." It does not restrict "motive" to the motive to commit the crime charged. Thus, evidence relevant to the motive of a witness to testify falsely is admissible under this uniform rule. *State v. Segotta*, 100 N.M. 18, 665 P.2d 280, 288 (1983), *rev'd on other grounds*, 100 N.M.498, 672 P.2d 1129 (1983). *C.f. U.S. v. Ible*, 630 F.2d 389, 394 (5th Cir.1980).

It is clear that the only proof the rule prohibits is the use of prior wrongs to establish the defendant's character for the purpose of proving that he possesses a criminal propensity and that on the instance in question his behavior conformed therewith. 2 Louisell & Mueller, Federal

Evidence §§ 135, 140 (1985) (and numerous cases cited therein); McCormick, Evidence § 190 (Cleary Ed.1984)); Waltz, The New Federal Rules of Evidence, p. 2 (1972 2nd Ed.) In other words, in this case the prosecution was prohibited from proving that the defendant was of a character given to drive after having drank to excess, in order to allow the inference that he did so again on the night in question. The prosecution did not attempt this here. It used the defendant's prior convictions to prove his motive to concoct his fantastic story. This the rule allows.

In this case, I would hold that the only possible grounds of inadmissibility would be SDCL 19–12–3, which must be consulted after SDCL 19–12–5 has been satisfied. *State v. Pedde*, 334 N.W.2d 41, 42 (S.D. 1983); *State v. Johnson*, 316 N.W.2d 652, 654 (S.D.1981).