#24856-r-SABERS, Retired Justice

**2009 SD 15**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

STATE OF SOUTH DAKOTA,                                    Plaintiff and Appellant,

v.

MARTHA ANDERS,                                    Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE SEVENTH JUDICIAL CIRCUIT
PENNINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE JEFF W. DAVIS
Judge

\* \* \* \*

LAWRENCE E. LONG
Attorney General

GARY CAMPBELL
Assistant Attorney General
Pierre, South Dakota                                    Attorneys for plaintiff
                                                        and appellant.


PAULA D. CAMP
AMY YANNI
Pennington County Public
  Defender's Office
Rapid City, South Dakota                                    Attorneys for defendant
                                                        and appellee.

\* \* \* \*

ARGUED JANUARY 14, 2009

OPINION FILED **03/11/09**

#24856

SABERS, Retired Justice

[¶1.] The State appeals the circuit court's decision that a felony driving under the influence (DUI) conviction cannot be used to enhance the sentence for a principal felony. We reverse.

## FACTS

[¶2.] On December 20, 2007, Martha Anders was indicted for conspiracy to commit first degree murder and attempted first degree murder, or in the alternative, aggravated assault. The State later filed a Part II Information alleging Anders was a habitual offender under SDCL 22-7-7, based on Anders' felony DUI conviction from May 14, 2007. This is Anders' sole prior felony conviction.

[¶3.] On February 20, 2008, Anders filed a motion to strike the Part II Information arguing that, under *Carroll v. Solem*, 424 NW2d 155 (SD 1988), a felony DUI should not be used to enhance the sentence for a principal felony. The State resisted this motion, asserting *State v. Fender*, 504 NW2d 858 (SD 1993) as the controlling authority. The circuit court disagreed with the State and granted Anders' motion to strike, concluding that the habitual offender statute was intended to penalize offenders for repeated felony conduct, and not merely because of their status as felons. The court also concluded that a felony DUI is not a true felony in that it does not define an offense, but merely increases the punishment upon a second or subsequent conviction for the same offense. Lastly, it noted that habitual offender statutes must be strictly construed and applied. The State appeals, raising the following issue:

> Whether a felony DUI conviction qualifies as a "felony" for the purposes of enhancing a sentence under SDCL 22-7-7.

#24856

[¶4.] During oral argument, Anders asserted this Court lacks subject matter jurisdiction over the State's appeal based on an untimely notice of appeal. Procedurally, the circuit court entered its order striking the Part II Information filed by the State against Anders on April 4, 2008. Pursuant to SDCL 23A-32-4, the State filed a notice of appeal as a matter of right from that order. As provided in SDCL 23A-32-6 an appeal under that statute "must be taken within ten days after written notice of entry of the judgment or order." The notice of entry of that order indicates it was provided on April 4, 2008. The certificate of service specifies that Anders served the document "by depositing a copy thereof by Interoffice Mail, and addressed to the said addressee:

> Lara R. Roetzel
> State's Attorneys Office
> 300 Kansas City Street
> HAND DELIVERED[.]"

Notice of appeal was filed on April 15, 2008. Anders now contends that the notice of appeal was untimely. The State maintains the notice of appeal was timely filed based on a defective service of the notice of entry or was timely when calculated with the additional days for service by mail even assuming the service was properly effectuated. We decide the threshold issue whether this Court has jurisdiction before reaching the merits of this appeal.

## STANDARD OF REVIEW

[¶5.] Whether this Court has jurisdiction is a legal issue which is reviewed de novo. State v. Owen, 2007 SD 21, ¶10, 729 NW2d 356, 362. Jurisdictional issues can be raised at any time and determination of jurisdiction is appropriate. Sazama v. State *ex rel.* Muilenberg, 2007 SD 17, ¶9, 729 NW2d 335, 340 (citations omitted).

[¶6.]    **Whether this Court has subject matter jurisdiction when the State's notice of appeal was filed 11 days after Anders' notice of entry of order was deposited in interoffice mail.**

[¶7.]    The ten-day time period to file an appeal under SDCL 23A-32-4 is triggered by the service of the notice of entry. SDCL 23A-32-6. In this case, Anders maintains that she is entitled to have that date calculated from the date she placed the notice of entry in interoffice mail as though it had been hand delivered; thus eliminating days being added to the time frame for service by mail. However, SDCL 15-6-5(b) (Service – How made – Proof) provides in part:

> Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of the court.
>
> ***
>
> Delivery of a copy within § 15-6-5 means: Handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person over the age of fourteen years then residing therein. Service by mail shall be by first class mail and is complete upon mailing.

The service of the notice of entry was not properly effectuated by either hand delivery or mail as contemplated by SDCL 15-6-5(b). Interoffice mail is not a recognized means of service and does not provide the reliability of other forms of service contemplated by the code. "'Service by mail must be accomplished so as to allow delay only within the official channels of the United States mail, not through inter-office or other institutional delays.'" Chatterjee v. Mid Atl. Reg'l Council of

#24856

Carpenters, 946 A2d 352, 355 (DC 2008) (quoting Neuman v. Neuman, 377 A2d 393, 398 (DC 1977)). Consequently, based on the defect in service the appeal time had not yet been triggered when the State filed its notice of appeal on April 15, 2008, and therefore the appeal is timely.[1] We now turn to the merits of this appeal.

[¶8.] **Whether a felony DUI conviction qualifies as a "felony" for the purposes of enhancing a sentence under SDCL 22-7-7.**

[¶9.] Anders claims that a sentence should only be enhanced under SDCL 22-7-7 when a defendant has prior felonious *conduct* on her record, and not when a defendant has been deemed a felon for *status* purposes only. She further asserts *Carroll v. Solem*, 424 NW2d 155, supports her position. In response, the State argues that *State v. Fender*, 504 NW2d 858, and the plain language of SDCL 22-7-7 control this case, as both permit the use of a prior felony DUI to enhance the sentence for a principal felony.

[¶10.] The standard of review for statutory interpretation issues is well settled:

> Statutory interpretation and application are questions of law, and are reviewed by this Court under the de novo standard of review. Statutes are to be construed to give effect to each statute and . . . to have them exist in harmony. It is a fundamental rule of statutory construction that the intention of

---

1. There is a strong argument that even if interoffice mail would be a recognized form of delivery three days would be added to the period because that specific provision does not specify "first class mail" as the only method entitled to the additional three days. SDCL 23A-41-5 ("Whenever a party has the right or is required to do an act within a prescribed period after the service of a notice or other paper upon him and the notice or other paper is served upon him by mail, three days shall be added to the prescribed period.").

the law is to be primarily ascertained from the language expressed in the statute. . . .

"We give words their plain meaning and effect, and read statutes as a whole, as well as enactments relating to the same subject."

Rotenberger v. Burghduff, 2007 SD 7, ¶8, 727 NW2d 291, 294 (additional and internal citations omitted).

[¶11.]     The habitual offender statute pertinent to this case is codified at SDCL 22-7-7.  It provides:

> *If a defendant has been convicted of one or two prior felonies under the laws of this state or any other state or the United States, in addition to the principal felony, the sentence for the principal felony shall be enhanced* by changing the class of the principal felony to the next class which is more severe, but in no circumstance may the enhancement exceed the sentence for a Class C felony.  *The determination of whether a prior offense is a felony for purposes of this chapter shall be determined by whether the prior offense was a felony under the laws of this state or under the laws of the United States at the time of conviction of such prior offense.*  For the purpose of this section, if the principal felony is not classified it shall be enhanced to the class which has an equal maximum imprisonment.  For the purposes of this section, if the maximum imprisonment for the principal felony falls between two classifications, the principal felony shall be enhanced to the class which has the less severe maximum authorized imprisonment.

*Id.* (emphasis added).  Unlike some states' habitual offender statutes, the statutory language quoted above does not distinguish between prior felonious conduct and a defendant's status as a felon based on repeated misdemeanor acts.  *See, e.g.,* IndCodeAnn 35-50-2-8(b)(1).  Nor does the language exclude certain crimes from or explicitly include certain crimes within the operation of the habitual offender

statute.[2] Rather, the statute provides that "[t]he determination of whether a prior offense is a felony . . . shall be determined by whether the prior *offense* was a felony under the laws of this state . . . ." *Id.* (emphasis added). The prior offense of which Anders was convicted was "Driving under the Influence (DUI) (Third Offense) (Felony)" in violation of SDCL 32-23-4. SDCL 32-23-4 plainly states: "If conviction for a violation of § 32-23-1 [DUI statute] is for a third offense, *the person is guilty of a Class 6 felony*[.]" (Emphasis added.) Therefore, Anders' third offense DUI was a felony under the laws of this state, and consequently, available for sentence enhancement purposes under SDCL 22-7-7.

[¶12.] In 1988, we decided *Carroll v. Solem*, 424 NW2d 155. Carroll was indicted for driving while under the influence of alcoholic beverages (DWI) on August 28, 1986. This was his third DWI in five years. In response, the state filed two Part II Informations. The first alleged that the DWI was Carroll's third such offense in five years based upon his July 22, 1983 and March 3, 1986 convictions, and as such constituted a class 6 felony. The second Part II Information alleged

---

2. Nebraska's statutory scheme is distinguishable from SDCL 22-7-7. In *State v. Chapman*, the Nebraska Supreme Court held that the Nebraska habitual offender statute, Nebraska Revised Statute 29-2221, could not be used to enhance the defendant's sentence for third offense DUI where another statute, Nebraska Revised Statute 60-6, 196, specifically excluded such offenses from the operation of the habitual criminal provision. 287 NW2d 697, 699 (Neb 1980). Similarly, in *State v. Hittle*, 598 NW2d 20, 29 (Neb 1999), the Nebraska Supreme Court held that a felony conviction for driving under a suspended license may not be used to trigger application of the habitual criminal statute.

Conversely, Florida's statute specifically lists which felonies trigger the habitual offender statute. *See* FlaStatAnn 775.084 (1)(b)1.

that Carroll was a second-time, felony offender based upon a prior DWI felony conviction of March 11, 1986. For the first Part II Information, the penalty for the principal offense was increased from a class 1 misdemeanor to a class 6 felony pursuant to SDCL 32-23-4. Then under SDCL 22-7-7, the penalty was again enhanced to a class 5 felony based on the second Part II Information. On appeal, we concluded that in a situation where a defendant's sentence was twice enhanced, the specific and express enhancement statute controls over the more general statute. *Id.* at 157. Therefore, the penalty class can only be enhanced once in a sentencing determination. Accordingly, Carroll's sentence, which was doubly enhanced, was reversed, and the case was remanded for resentencing.[3] *Id.*

[¶13.] Five years later, we decided *State v. Fender*, 504 NW2d 858. Fender's principal charge was first degree burglary, for which he was found guilty. Prior to sentencing, the State filed a Part II Information that listed three prior felonies: aggravated assault, May 14, 1983; escape, May 14, 1983; and DUI (third offense), July 22, 1988. The trial court found Fender guilty of being a habitual offender and sentenced him to thirty years in the penitentiary.

---

3.   In *Carroll*, we recognized that our holding was in line with *State v. Helling*, 391 NW2d 648 (SD 1986), "where we held that a person charged with a third offense DWI was not entitled to additional (felony) peremptory challenges on the underlying charge." 424 NW2d at 157. We find the discrepancy troubling, and conclude that, because a person charged with a felony DUI faces a potential penitentiary sentence and should be treated the same as those charged with other felonies, this is a procedural defect needing to be cured.

[¶14.]          On appeal, Fender claimed two errors with the Part II Information. First, he claimed that it was defective because it listed two convictions, which arose from the "same transaction," contrary to SDCL 22-7-9. We held that even if Fender proved the convictions were related, the fact that both felony convictions were included in the Part II Information was harmless error because only one conviction was necessary to trigger the habitual offender statute. *Id.* at 861-62.

[¶15.]          Fender's second allegation of error was that the Part II Information was defective because it listed a prior felony conviction for DUI, and the *Carroll* holding "prohibits use of a DUI felony conviction as the basis for a habitual offender enhancement." *Id.* at 862. We explained that interpretation of *Carroll* was incorrect and clarified the holding. "In *Carroll*, we said a third DUI conviction is already enhanced under the DUI statutes and therefore it is not appropriate to *enhance it again* under the general habitual offender statute." *Id.* (emphasis in original). Perhaps this one sentence failed to clearly articulate why Fender's interpretation of *Carroll* was mistaken. However, the following sentence in *Fender* was clear: "[O]ur ruling in *Carroll* does not prevent the use of a felony DUI conviction to *enhance other subsequent felony convictions.*"[4] *Id.* (emphasis in original). This statement in *Fender* foreshadowed the facts presented in this case.[5]

---

4.     This statement limited our holding in *Carroll* to situations where the penalty for the principal offense was twice enhanced in one sentencing determination.

5.     In *Fender*, we were not required to strictly apply this rule because the defendant had more than one prior felony on his record. We stated that "[e]ven if one of the 'related' convictions and the DUI conviction were removed, there is still a valid prior felony conviction to support a habitual

                                                     (continued . . .)

#24856

Here, unlike in *Carroll*, Anders' principal felonies do not carry accompanying sentencing schemes allowing for enhancement based on the specific charges themselves. There is no possibility that Anders' current sentence will be doubly enhanced. Rather, it is only her prior felony DUI that permits one class enhancement of her sentence.

[¶16.]       Based on a plain interpretation of SDCL 22-7-7 and our decision in *Fender*, Anders' prior felony DUI can be used to enhance the sentence for her principal felony charges. Accordingly, we reverse.

[¶17.]       GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices concur.

_____

(. . . continued)

offender conviction[.]" *Fender*, 504 NW2d at 862. This language should not be construed to mean that a prior felony DUI cannot be used to trigger the habitual offender statutes. Rather, under the circumstances in *Fender*, it was immaterial whether the felony DUI was used to trigger SDCL 22-7-7 because Fender had three prior felony convictions and only one felony conviction was needed. Therefore, there was no error.