#29165-r-DG
**2021 S.D. 14**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,               Plaintiff and Appellee,

v.

CHAD A. RUS,                        Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE FIRST JUDICIAL CIRCUIT
AURORA COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE PATRICK T. SMITH
Judge

* * * *

RACHEL MAIROSE
Aurora County State's Attorney

JOHN R. STEELE
Assistant Aurora County State's Attorney
Plankinton, South Dakota           Attorneys for plaintiff and
                                          appellee.


BERT S. BUCHER
Yankton, South Dakota

STEVEN J. BUCHER
Plankinton, South Dakota           Attorneys for defendant and
                                          appellant.

* * * *

ARGUED
OCTOBER 5, 2020
OPINION FILED **03/03/21**

#29165

GILBERTSON, Retired Chief Justice

[¶1.]     The State charged Chad Rus (Rus) by complaint and information with driving under the influence of an alcoholic beverage (DUI). A conviction on this charge would be Rus's third DUI within ten years. Rus moved for a preliminary hearing on the DUI charge. He argued that SDCL 23A-4-3 entitled him to a preliminary hearing because he faced a felony conviction. The circuit court denied the motion. It held that SDCL 23A-4-3 did not entitle Rus to a preliminary hearing because his underlying offense was a misdemeanor. Rus sought an intermediate appeal of the circuit court's order, which this Court granted. We reverse and remand.

## Background

[¶2.]     On June 25, 2019, Les and Arla Crago's mailbox was damaged. Les Crago (Crago) notified law enforcement. He provided Rus's name as the individual he believed was responsible for the damage. Unbeknownst to Crago, Arla had spoken with Rus on the phone. Rus said that, due to a flat tire, he drove into the couple's mailbox.

[¶3.]     Acting on Crago's belief, law enforcement went to Rus's residence and observed a damaged vehicle in his driveway. Law enforcement also obtained surveillance footage from a nearby bar and elevator. The footage revealed that Rus drove to the bar with an undamaged vehicle, consumed ten beers, and then exited the bar with a six-pack of beer. Rus admitted to law enforcement that he hit Crago's mailbox, but he denied driving under the influence.

[¶4.]     On July 11, 2019, the Aurora County State's Attorney filed a complaint and then an information. The State charged Rus with three counts, including driving a motor vehicle while under the influence of an alcoholic beverage. *See* SDCL 32-23-1(2). Based on the complaint and law enforcement's report, the Aurora County magistrate judge issued, and law enforcement executed, a felony arrest warrant.

[¶5.]     Prior to the at-issue DUI charge, Rus had received two separate DUI convictions on November 1, 2016, and February 1, 2011. Under SDCL chapter 32-23, the severity of an individual's penalty increases with each subsequent DUI conviction. An individual's third conviction becomes a class 6 felony, if committed within ten years of the individual's prior two convictions. SDCL 32-23-4, -4.1. For the State to enhance the charged offense, it must file "a separate supporting information" alleging, "in addition to the principal offense charged, any former convictions." SDCL 32-23-4.2. This supplemental information is referred to as a part II information (part II). After the State files the part II, it may then seek a felony conviction for a defendant's third and subsequent DUI offenses.[1] SDCL 32-23-4, *see* SDCL 32-23-4.2.

---

1.     The State must file the part II "prior to arraignment." SDCL 23A-6-3. The defendant may then either plead or elect a trial on the underlying charge or charges. SDCL 32-23-4.3. But prior to the defendant entering a plea, the circuit court must inform the defendant of the contents of the part II. *Id.* After a finding of guilt on the underlying charge, a defendant may then proceed to trial or concede the part II information. SDCL 32-23-4.4. If the fact finder finds the defendant was the individual who committed the offense or offenses in the part II, the defendant is then convicted of a felony. SDCL 32-23-4.

[¶6.] On July 31, 2019, Rus appeared before the circuit court. The case was scheduled for arraignment, but Rus moved for a preliminary hearing. In the alternative, Rus moved the circuit court to order that if he is convicted of the misdemeanor charged in the complaint, his punishment must be limited to a class 1 misdemeanor. On September 9, 2019, the State moved to strike "felony" from Rus's arrest warrant.

[¶7.] The circuit court heard arguments on the motions on September 25, 2019. It struck "felony" from the arrest warrant, finding it to be surplusage. The court then denied Rus's motion for a preliminary hearing and his alternative motion to limit his punishment to a misdemeanor. The circuit court cited this Court's holding in *State v. Helling*, 391 N.W.2d 648 (S.D. 1986). It found that Rus's DUI charge remained a misdemeanor until there was a finding of guilt on the part II information. At the motions hearing, the prosecuting attorney stated that he had prepared the part II but was waiting for the "appropriate time" to file it.

[¶8.] The State filed the part II on October 22, 2019. The part II alleged that Rus had been convicted of two prior DUIs, thereby charging him with DUI third offense, a class 6 felony.

[¶9.] Rus sought an intermediate appeal of the circuit court's order denying his motion for a preliminary hearing. We granted Rus's petition for intermediate appeal.

[¶10.] Rus raises the following issues:

1. Whether a defendant is guaranteed a preliminary hearing when charged [by complaint or information] with an offense punishable as a felony.

2. Whether the denial of a preliminary hearing, for a defendant charged with an offense punishable as a felony, deprives him or her of due process of law guaranteed by both the Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and the South Dakota Constitution article VI, § 2.

## Analysis and Decision

### 1. Whether a defendant is guaranteed a preliminary hearing when charged [by complaint or information] with an offense punishable as a felony.

[¶11.] "Statutory interpretation and application are questions of law, and are reviewed by this Court under the de novo standard of review." *State v. Powers*, 2008 S.D. 119, ¶ 7, 758 N.W.2d 918, 920.

[¶12.] Rus argues the plain language of SDCL 23A-4-3 entitles a defendant to a preliminary hearing if he or she is charged with an offense that is punishable as a felony. Because a third-offense DUI under SDCL 32-23-4 is a class 6 felony, he claims that he is entitled to a preliminary hearing. The State responds that Rus's right to a preliminary hearing is purely statutory. It contends that a circuit court must treat the underlying DUI offense procedurally as a misdemeanor and claims that the court must treat the part II as a separate proceeding. The State advances that, if a defendant is found guilty of the part II, his or her punishment is then enhanced to a felony. The State classifies the part II, not as a separate offense, but rather as a mechanism for allowing the court to impose a more severe penalty. The State further advances that, at the time of the motions hearing, it had not filed a part II. As a result, it claims Rus was only facing a misdemeanor charge.

[¶13.] This Court's rules of statutory interpretation are well settled. "In conducting statutory interpretation, we give words their plain meaning and effect, and read statutes as a whole." *Reck v. S.D. Bd. of Pardons & Paroles*, 2019 S.D. 42, ¶ 11, 932 N.W.2d 135, 139. "[I]f the words and phrases in the statute have plain meaning and effect, we should simply declare their meaning and not resort to statutory construction." *Id.* (alteration in original). "[T]he starting point when interpreting a statute must always be the language itself." *State v. Livingood*, 2018 S.D. 83, ¶ 31, 921 N.W.2d 492, 499.

[¶14.] Our State's preliminary hearing statute, in its pertinent part, provides:

> No defendant is entitled to a preliminary hearing unless charged with an offense punishable as a felony. If the defendant waives the preliminary hearing, the committing magistrate shall forthwith hold the defendant to answer in circuit court if the offense charged is a felony. If the defendant does not waive the preliminary hearing, the committing magistrate shall schedule a preliminary hearing . . . .

SDCL 23A-4-3. We agree with Rus's reading, which draws on this statute's and SDCL 32-23-4's plain language.

[¶15.] Under SDCL 23A-4-3, a defendant is entitled to a preliminary hearing if he or she is charged with an offense "punishable as a felony." The State charged Rus with driving a motor vehicle while under the influence of an alcoholic beverage (SDCL 32-23-1(2)). SDCL 32-23-4 provides, "If conviction for a violation of § 32-23-1 is for a third offense, the person is *guilty of a Class 6 felony*[.]" (Emphasis added.) As such, a defendant's third DUI charge is "an offense punishable as a felony."

#29165

SDCL 23A-4-3. Under SDCL 23A-4-3, a defendant facing a third-offense DUI is entitled to a preliminary hearing.[2]

[¶16.]      Further, the parties dispute whether this Court's holdings in *State v. Helling*, 391 N.W.2d 648 (S.D. 1986) and *State v. Anders*, 2009 S.D. 15, 763 N.W.2d 547, which the circuit court relied on, support that a defendant charged with a third-offense DUI is entitled to a preliminary hearing.[3]

[¶17.]      Today, we reverse the *Helling* Court's holding, which classified SDCL 32-23-4 as a "punishment enhancement statute[.]" 391 N.W.2d at 650. Helling, like Rus, faced a third-offense DUI charge. *Id.* at 648. He argued that a third-offense DUI is a felony, which entitled him to a felony number of preemptory challenges. *Id.* at 650. The Court rejected Helling's claim and concluded that "SDCL 32-23-4 is a punishment enhancement statute[.]" *Id.* To reach its decision, the Court

---

2.    The State is correct that it filed the part II within the required timeframe. Under SDCL 23A-6-3, "All informations shall be filed with the court having jurisdiction of the offense by the prosecuting attorney *prior to arraignment*." (Emphasis added.) In *State v. Arguello*, a prosecutor waited until the arraignment proceeding to file the part II. 519 N.W.2d 326, 327-28 (S.D. 1994). This Court held that the State properly appraised the defendant of the charges brought against him. *Id.* at 329. Therefore, the delayed filing did not invalidate the part II. *Id.* Here, the State timely filed the part II before Rus's arraignment.

3.    The State claims the holding of *State v. Steffenson* supports its proposition that Rus is not entitled to a preliminary hearing. 85 S.D. 136, 178 N.W.2d 561 (1970). The State's reliance on *Steffenson* is misplaced. Since the *Steffenson* holding, the Legislature has amended our State's preliminary hearing statute. *See* SDCL 23-27-1 (1967); 1978 S.D. Sess. Laws ch. 178, § 577. Pursuant to the statute in effect at the time of *Steffenson*, the circuit court provided Steffenson a preliminary hearing on the charged offense, and he elected to waive his right. *Id.* at 137, 178 N.W.2d at 562-63. Here, Rus was denied his right to have a preliminary hearing provided by our State's statutes. Therefore, *Steffenson* is inapplicable.

-6-

incorrectly drew from our State's habitual offender statutes. *Id.* This association was in error. As the Court noted, our State's habitual offender statutes "do[ ] not create a new offense, but merely authorize[ ] the trial court, in its discretion, to impose a more severe penalty upon one who is found to have the status of a habitual criminal[.]" *Id.* Conversely, our State's DUI scheme does not merely "authorize[ ] a trial court, in its discretion, to impose a more severe penalty[.]" *Id.* Rather, our State's DUI statutes prescribe the level of punishment the individual faces if convicted of the subsequent DUI offense. The plain language of SDCL 32-23-4 provides that a person convicted of a third-offense DUI "is guilty of a Class 6 felony[.]" A third-offense DUI is a class 6 felony.

[¶18.] Our rationale today aligns with the holding of *Anders*, 2009 S.D. 15, 763 N.W.2d 547. In *Anders*, we held that a third-offense DUI conviction is "a felony under the laws of this state[.]" *Id.* ¶ 11, 763 N.W.2d at 551-52. As a result, we concluded that a third-offense DUI conviction is "available for sentence enhancement purposes" under our State's habitual offender scheme (SDCL chapter 22-7).[4] *Id.* ¶ 11, 763 N.W.2d at 552. Because a third-offense DUI is a felony, it

---

4. Today, we resolve the discrepancy noted by the *Anders* Court, which stated:

> In *Carroll*, we recognized that our holding was in line with *State v. Helling*, 391 N.W.2d 648 (S.D. 1986), "where we held that a person charged with a third offense DWI was not entitled to additional (felony) peremptory challenges on the underlying charge." 424 N.W.2d at 157. We find the discrepancy troubling, and conclude that, because a person charged with a felony DUI faces a potential penitentiary sentence and should be treated the same as those charged with other felonies, this is a procedural defect needing to be cured.

(continued . . .)

warrants the procedural safeguards provided to a felony offense, including ten preemptory challenges when selecting a jury pursuant to SDCL 23A-20-20 and a preliminary hearing under SDCL 23A-4-3.[5]

[¶19.]     The plain language of SDCL 23A-4-3 entitles a defendant facing a felony conviction to a preliminary hearing.  SDCL 32-23-4 provides that a person convicted of a third-offense DUI is "guilty of a Class 6 felony[.]"  As Rus faced a potential felony conviction, he was entitled to a preliminary hearing.

> **2.     *Whether the denial of a preliminary hearing, for a defendant charged with an offense punishable as a felony, deprives him or her of due process of law guaranteed by both the Sixth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and the South Dakota Constitution article VI, § 2.***

[¶20.]     "[W]e review questions concerning constitutional rights under the de novo standard of review." *State v. $1,010.00 in Am. Currency*, 2006 S.D. 84, ¶ 9, 722 N.W.2d 92, 94.  Rus argues that he was subjected to two separate constitutional violations under the Sixth and Fourteenth Amendments to the United States Constitution and under article VI, §§ 2 and 7 of the South Dakota Constitution. The circuit court did not address these issues.

_____

(. . . continued)
    2009 S.D. 15, ¶ 12 n.3, 763 N.W.2d at 552 n.3.  We now hold that a third-offense DUI is a felony warranting our State's felony procedural safeguards.

5.     SDCL 23A-20-20 provides: "If an offense charged is a Class A, Class B, Class C, or Class 1 felony, the prosecution and the defense each have twenty peremptory challenges.  In all other felony cases, the prosecution and the defense each have ten peremptory challenges.  In misdemeanor cases, the prosecution and the defense each have three peremptory challenges."

[¶21.]	Both this Court and the United States Supreme Court hold that "[t]he right to a preliminary hearing is in itself a statutory, not a constitutional, right." *State v. Holiday*, 335 N.W.2d 332, 335 (S.D. 1983); *see also Gerstein v. Pugh*, 420 U.S. 103, 123, 95 S. Ct. 854, 868, 43 L. Ed. 2d 54 (1975) ("Although . . . the Constitution does not require an adversary determination of probable cause, we recognize that state systems of criminal procedure vary widely. . . . [T]he nature of the probable cause determination usually will be shaped to accord with a State's pretrial procedure viewed as a whole."). It is for the Legislature to enact the pretrial procedures our courts must follow to determine probable cause. As we reverse and remand on the grounds of a violation of SDCL 23A-4-3, we decline to reach the merits of Rus's constitutional claims.

### Conclusion

[¶22.]	The plain language of SDCL 23A-4-3 entitles a defendant to a preliminary hearing if he or she is charged by complaint or information with an offense "punishable as a felony." The State charged Rus with a third-offense DUI. Under the plain language of SDCL 32-23-4, a third-offense DUI is a "Class 6 felony[.]" Rus, therefore, is entitled to a preliminary hearing. We reverse and remand for proceedings consistent with this decision.

[¶23.]	JENSEN, Chief Justice, and KERN, SALTER, and DEVANEY, Justices, concur.

[¶24.]	MYREN, Justice, not having been a member of the Court at the time this action was submitted to the Court, did not participate.